ELLEN S. WARREN, as Administratrix of the Estate of
FRANCIS J. WARREN, Deceased, Respondent, v. MORSE
DRY DOCK AND REPAIR COMPANY, Appellant.

Master and servant — maritime law — common law — negli-
gence — action for death of plaintiff's intestate resulting from
injuries received while working upon repairs to steamship —
action may be maintained in common-law courts for common-
law damages — right to bring such action not supplanted by
Workmen's Compensation Law.

1. Courts of admiralty, when assuming jurisdiction in cases of
death, do not enforce a right of action under the general maritime
law.   They enforce a right of action created by a statute of the state,
which supplements the maritime law in respect of torts upon the
local waters.

2. The law of maritime torts is what the maritime law declares
it to be.   To a limited extent the maritime law permits its rules to be
supplemented by local statutes, which it then adopts and enforces.
In such cases a common-law remedy is reserved to the suitor in the
common-law courts.   (Judicial Code, §§ 24, 256.)   The Workmen's
Compensation Law does not lend itself to enforcement in the maritime
courts; it does not lend itself to enforcement in the common-law courts
according to common-law remedies.   For these reasons it is inoperative
to supplement or modify the maritime law.   The result ensues, as
to maritime torts, that the general right of action for injuries resulting
in death remains what it was before the compensation act was passed.
(*Western Fuel Co.* v. *Garcia*, 257 U. S. 233, followed.)

*Warren* v. *Morse Dry Dock & Repair Co.*, 204 App. Div. 891,
affirmed.

(Argued March 12, 1923; decided April 17, 1923.)

APPEAL, by permission, from a judgment of the Appel-
late Division of the Supreme Court in the second judicial
department, entered December 15, 1922, unanimously
affirming a judgment in favor of plaintiff entered upon a
verdict.

*Charles J. McDermott* for appellant.   This complaint
does not state facts sufficient to constitute a cause of
action.   The Workmen's Compensation Law of this state

constitutes plaintiff's exclusive remedy and abrogates the right to recover damages in an admiralty court or court of common law which would otherwise exist. To deny the defendant the benefit of the provisions of the state statute deprives defendant of the equal protection of the law guaranteed by the United States Constitution. The court had no jurisdiction. (*Schnede* v. *Zenith*, 216 Fed. Rep. 566; 244 U. S. 646; *Noelle* v. *Hardman, Peck & Co.*, 185 App. Div. 351; *Netherlands A. S. Navigation Co.* v. *Gallagher*, 282 Fed. Rep. 171; *Southern Pacific Co.* v. *Jensen*, 244 U. S. 205; *Knickerbocker Ice Co.* v. *Stewart*, 253 U. S. 149; *Grant-Smith-Porter Co.* v. *Rohde*, 257 U. S. 469; *State Industrial Com.* v. *Nordenholt*, 257 U. S. 567; *N. Y. C. R. R. Co.* v. *White*, 243 U. S. 188; *Mountain Timber Co.* v. *Washington*, 243 U. S. 219; *Shanahan* v. *Monarch Eng. Co.*, 219 N. Y. 469; *Barnhart* v. *Amer. Concrete Co.*, 227 N. Y. 531.)

*Harold R. Medina, Jacquin Frank* and *David M. Fink* for respondent. The tort complained of, and upon which a recovery was had in this action, was of maritime cognizance, as not only was the *locus* of the tort upon the navigable waters, but the deceased was engaged in a maritime employment. (*The Robert W. Parsons*, 191 U. S. 17; *The Anglo-Patagonian*, 235 Fed. Rep. 92; *The Iris*, 100 Fed. Rep. 104; *Mountain Timber Co.* v. *Washington*, 243 U. S. 219; *Southern Pacific Co.* v. *Jensen*, 244 U. S. 205; *Knickerbocker Ice Co.* v. *Stewart*, 253 U. S. 149; *Grant-Smith-Porter Co.* v. *Rohde*, 257 U. S. 469; *State Industrial Comm.* v. *Nordenholt*, 257 U. S. 567; *Atlantic Transport Co.* v. *Imbrovek*, 234 U. S. 52; *The Jefferson*, 215 U. S. 142; *The Anglo-Patagonian*, 235 Fed. Rep. 92; *Berton* v. *T. & L. D. D. Co.*, 219 Fed. Rep. 763.)

CARDOZO, J. The plaintiff is the administratrix of the estate of Francis J. Warren, who met his death while

working on the steamship *Ardmore*, then undergoing repairs in the defendant's dry dock.

Most of the questions in the case are answered by our opinion in *Danielsen* v. *Morse Dry Dock & Repair Company* (235 N. Y. 439).

The defendant attempts a distinction between death cases and others. Courts of admiralty, when assuming jurisdiction in cases of death, do not enforce a right of action existing under the general maritime law (*Western Fuel Co.* v. *Garcia*, 257 U. S. 233, 240). They enforce a right of action created by a statute of the state, which supplements the maritime law in respect of torts upon the local waters (*Western Fuel Co.* v. *Garcia*, *supra*, p. 242). The argument for the defendant is that what the state has created, it may modify or destroy.

*Southern Pacific Co.* v. *Jensen* (244 U. S. 205) and *Knickerbocker Ice Co.* v. *Stewart* (253 U. S. 149) are inconsistent with the supposed distinction. In both cases the claimants were dependents seeking compensation under the act for the death of their relatives killed in maritime work upon navigable waters. Compensation was refused upon the ground that applied to such a situation, the act was invalid.

The law of maritime torts is what the maritime law declares it to be. To a limited extent, the maritime law permits its rules to be supplemented by local statutes, which it then adopts and enforces (*Western Fuel Co.* v. *Garcia*, *supra*). In such cases, a common-law remedy is reserved to the suitor in the common-law courts (Judicial Code, §§ 24, 256). The Workmen's Compensation Act does not lend itself to enforcement in the maritime courts. It does not lend itself to enforcement in the common-law courts according to common-law remedies. For these reasons it is inoperative to supplement or modify the maritime law (*Southern Pacific Co.* v. *Jensen*, *supra*, at p. 218). The result ensues, as to maritime torts, that the general right of action for injuries resulting

in death remains what it was before the compensation act was passed. The legislature intended, in passing that act, not to abolish every remedy, but to substitute one remedy for another. It has no power, indeed, under the State Constitution (Art. I, § 18) to abrogate the right of action for injuries resulting in death, except by supplying to the dependents of employees a new form of compensation (Constitution, art. I, § 19). It may change the groups or classes of dependents (*Shanahan* v. *Monarch Engineering Co.,* 219 N. Y. 469). It may not say that those whom it classifies as dependents shall be left without a remedy. To the extent that the substitution of a new remedy is ineffective, the old one survives.

We have stated the law as we understand that the Supreme Court has declared it. We follow that declaration as " the supreme law of the land." (U. S. Constitution, art. VI, § 2.)

The judgment should be affirmed with costs.

HISCOCK, Ch. J., HOGAN, McLAUGHLIN, CRANE and ANDREWS, JJ., concur; POUND, J., absent.

Judgment affirmed, etc.