OKLAHOMA FURNITURE MFG. CO. v. DOUGLAS et al.

No. 30993. Oct. 19, 1943.

Rehearing Denied Jan. 25, 1944.

Application for Leave to File Second Petition for Rehearing Denied Feb. 8, 1944.

*145 P. 2d 180.*

Rittenhouse, Webster, Hanson & Rittenhouse, of Oklahoma City, for petitioner.

Wm. H. Lewis and A. C. Hough, both of Oklahoma City, and Mac Q. Williamson, Atty. Gen., and P. C. Lackey, Asst. Atty. Gen., for respondents.

GIBSON, V. C. J. This is an original proceeding instituted by an employer to review an order of the State Industrial Commission entered upon the death of an injured workman reviving his claim for compensation in the name of the statutory beneficiary (85 O. S. 1941 §§ 41, 48).

The principal question here is whether, under the facts as disclosed by the record, the claim for compensation for accidental personal injury was subject to revivor under that portion of section 41, supra, which provides as follows:

"An award for disability may be made after the death of the injured employee, when death results from causes other than the injury."

On September 12, 1941, Rodger Douglas filed with the commission his notice and claim for compensation for disability resulting from an accidental injury to his left knee sustained while in the employ of the petitioner. After receiving medical treatment for approximately one year Douglas died without receiving an award. The respondent Ned Douglas, as the father of the deceased, suggested the death and moved to revive the proceedings in his name as the party thereto entitled (sec. 48, supra).

At the time of the injury to his knee Rodger Douglas was suffering from pulmonary tuberculosis which had reached an advanced stage. The medical testimony was that the injury weakened Douglas and was a contributing cause of his death.

The evidence fully supports the commission's finding on the issue as set out in the order of revivor. It reads as follows:

"That on and prior to February 25, 1941, the claimant has a tubercular condition in his lungs which was the primary factor in causing his death on February 21, 1942, and claimant died from causes other than the injury, although a secondary infection caused by said knee injury was a contributing factor."

Nothwithstanding this finding, the commission ordered the cause revived.

The petitioner says that, since the injury received by Rodger Douglas caused or contributed to cause his death, the commission was without authority or jurisdiction to make any award in the case and its order of revivor was therefore unauthorized and void.

The parties seem to agree that the question is one of jurisdiction in the commission to enter an award. That is, unless death resulted "from causes other than the injury," within the meaning of the statute, the commission could not revive the cause and conduct a hearing on the claim. Black Gold Petroleum Co. v. Hirshfield, 182 Okla. 634, 79 P. 2d 566.

Considerable argument is devoted to the nature of the court's duty in reviewing the evidence relating to the cause of death. The petitioner takes the position that by reason of the jurisdictional element we should review the evidence and determine for ourselves whether the weight thereof supports its contention that Douglas' death did not result from causes other than the injury within the statutory sense (McKeever Drilling Co. v. Egbert, 170 Okla. 259, 40 P. 2d 32); while respondents say we need examine the evidence only to the extent necessary to determine whether there is any evidence to support their contention that Douglas died as a result of other causes within the

meaning of the statute. National Mut. Casualty Co. v. Briscoe, 188 Okla. 440, 109 P. 2d 1088.

In the latter case, when considering a similar question, we said:

"The court has considered all of the evidence in this connection in detail and is not disposed to disturb the finding. In reviewing a State Industrial Commission's award the Supreme Court will not determine weight and value of conflicting evidence."

That statement is not in accord with our decisions on jurisdictional questions, and is disapproved.

However, if we were to agree with the respondents that there was conflicting evidence on the entire issue of the cause of death, and as a consequence the commission's finding thereon as a whole became final, they could not sustain the commission's jurisdiction. If the knee injury was actually a contributing factor to the death, as the order said it was, the commission had no power to revive the proceedings, and the order was void on its face. The general rule is stated in Black Gold Petroleum Co. v. Hirshfield, supra, as follows:

"When an employee sustains an accidental personal injury which results in his death, the State Industrial Commission is thereafter deprived of jurisdiction to make any award in favor of the dependents of such claimant or to make any award for medical, hospital, or nurse service except in connection with awards which may have been made to the employee in his lifetime."

Respondents seem to believe that the specific finding that "claimant died from causes other than the injury" should be considered as conclusive and binding, while the latter portion to the effect that the knee injury was a contributing factor should be wholly disregarded as surplusage.

But the latter portion of the findings cannot be ignored. It goes directly to the jurisdiction. Respondents are satisfied with the evidence as supporting the same. Therefore, it becomes unnecessary for us to weigh the evidence for our independent determination of the issue. Petitioner says that the finding that the claimant died from causes other than the injury is against the weight of the evidence, but, in view of the finding that the injury was a contributing factor, further consideration of that matter becomes unnecessary.

The statutory provision, supra, permitting revivor "when death results from causes other than the injury," was inserted in the Workmen's Compensation Law for the purpose of saving it from any objections that might arise under section 7, art. 23, of the Constitution, which prohibits the abrogation of the right of action to recover damages for injuries resulting in death, or limiting in any manner the recovery thereon. And such was the purpose of another section of the act (85 O. S. 1941 § 121), which provides as follows:

"It is not intended that any of the provisions of this act shall apply in cases of accidents resulting in death and no right of action for recovery of damages for injuries resulting in death is intended to be denied or affected."

As a result, if the injury was the proximate cause of the claimant's death in the sense that it may form the basis of a common-law action for wrongful death, an attempt to revive the claim would constitute a direct violation of said section 7. There is no opportunity for the election of remedies, for there is but the one available, the common-law action.

In the face of the general rule relating to death cases, the above conclusion is inescapable.

In 16 Am. Jur. 58, § 78, appears the statement as follows:

". . . According to the weight of authority, the accepted view is to the effect that one who, by his wrongful or negligent act or default, accelerates a diseased condition, thereby hastening and prematurely causing the death of the deceased person, cannot escape civil

liability, even though the disease would probably have resulted in death at a later time without his agency. If the negligence or other tortious act of the defendant was the proximate cause of the death, the fact that the weak physical condition of the deceased contributed in a measure to his death does not affect the defendant's liability."

That is the law in a great majority of jurisdictions.

Rodger Douglas did not die from causes other than the injury in the sense intended by the statute, since the injury was, at law, the proximate cause of his death. The commission was therefore without power to revive the claim, and the order must be vacated.

It is so ordered.

CORN, C. J., and BAYLESS, WELCH, and DAVISON, JJ., concur. RILEY, OSBORN, HURST, and ARNOLD, JJ., dissent.