## HARTFORD ACCIDENT & IND. CO. v. TRI-STATE CASUALTY INS. CO.

No. 33790.    July 3, 1951.

Rehearing Denied Sept. 25, 1951.

235 P. 2d 703.

Gilliland, Ogden, Withington, Shirk & Vaught, Oklahoma City, for plaintiff in error.

Looney, Watts, Ross, Looney & Smith, Oklahoma City, for defendant in error.

WELCH, J.   The plaintiff Hartford paid some $400 for medical services rendered to an injured workman, Tom Harper, and seeks to recover that sum from the defendant Tri-State. Hartford contends that it was insurance carrier for Metropolitan Paving Company, the regular employer of the workman in hazardous employment; that at the time of his injury the said workman had been loaned to the Metropolitan Construction Company; that following his

injury it was the duty of the Metropolitan Construction Company and of defendant Tri-State to pay his medical expense; that plaintiff Hartford paid it by mistake and was entitled to recover it back from Tri-State.

However, the difficulty with plaintiff's position is that whatever obligation existed against Tri-State was an obligation existing by virtue of provisions of the Workmen's Compensation Law (85 O. S. 1941 §14).

Any obligation or liability existing under that statutory provision is enforceable only in the State Industrial Commission which has exclusive jurisdiction thereof.

In this case the injured workman died of the injuries received from his accident while engaged in hazardous employment. Therefore, the Industrial Commission could not make an award for either compensation or medical bills. Oklahoma Furniture Mfg. Co. v. Douglas, 193 Okla. 498, 145 P. 2d 180, and Black Gold Petroleum Co. v. Hirshfield, 182 Okla. 634, 79 P. 2d 566. The plaintiff Hartford asserts a right to proceed in the district court on account of the rule of the following cases: Amerada Petroleum Corp. v. Stricklin, 164 Okla. 131, 23 P. 2d 162; Wilson Drilling Co. v. Beyer, 138 Okla. 248, 280 P. 846, and Wentz v. Thomas, 159 Okla. 124, 15 P. 2d 65.

The Amerada case is not in point. There the plaintiff sued on contract and the issue was whether the employer's agent had authority to incur the expense. There in effect the employer hired the plaintiff to furnish the medical services, and was liable by contract for the bill, which of course could be enforced in a civil action in the district court.

The Wilson Drilling Company case was an appeal from the Industrial Commission. No award was there made for the injured workman. No claim was ever filed by the workman for compensation. More than two years after the alleged accidental injury a doctor filed his claim for medical services. The case held he could not recover an award, but nothing in that case justifies the contention of plaintiff Hartford in this case.

The cited case of Wentz v. Thomas offers no support to the contention that a remedy may be prosecuted in the district court where exclusive jurisdiction is lodged in some other forum.

As to rights arising under the Workmen's Compensation Law, and which by statute are enforcible exclusively by proceeding before the Industrial Commission, it has never been held that any such rights could be enforced by civil action in the district court, no matter for what reason the Industrial Commission could not or would not grant relief. The law provides the manner and method of enforcing rights under the Workmen's Compensation Law. They must be enforced within those provisions. If for any reason the relief as to such rights is not obtained, or is not obtainable before the Industrial Commission, such relief is just not obtainable at all. One of the express provisions of the law is in effect that it has no application when the accidental injury has resulted in death. Such rights as may be based upon contract between the parties, as in the Amerada case, supra, of course, may be enforced by suit in the district court. In this case there is no privity of contract between the plaintiff Hartford and the defendant Tri-State.

For lack of jurisdiction in the district court to entertain plaintiff's claim based solely upon rights created by or arising under the Workmen's Compensation Law, the demurrer to plaintiff's petition was properly sustained.

Affirmed.

ARNOLD, C. J., LUTTRELL, V. C. J., and CORN, GIBSON, DAVISON, JOHNSON, and O'NEAL, JJ., concur. HALLEY, J., dissents.

HALLEY, J. (dissenting). Common honesty dictates that when one insur-

ance company, through a mistake of fact, pays the legal obligation of another insurance company, the company that has made the payment should be reimbursed by the company whose legal duty it was to make it. I think that an action in the district court is maintainable here under the doctrine of unjust enrichment.

I dissent.