## HERNDON
### v.
## DOLTON BARNARD HARDWARE CO. et al.

### No. 35806.

Supreme Court of Oklahoma.

Dec. 22, 1953.

Claud Briggs, Oklahoma City, for petitioner.

O. S. Huser, Holdenville, Cheek, Cheek & Cheek, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

WELCH, Justice.

Betty Gates obtained an award against Dolton Barnard Hardware Company and its insurance carrier, Hardware Mutual Casualty Company, for temporary total disability. See Dalton Barnard Hdwe. Co. v. Gates, 203 Okl. 268, 220 P.2d 249. That compensation was paid for several years, and up until her death on August 31, 1951. This proceeding was commenced by the petitioner, hereinafter called claimant, to obtain an award for conscious pain and suffering under the Death Benefits Statute authorized by Constitutional Amendment, 85 O.S.1951 § 1 et seq. The State Industrial Commission denied an award for the reason that there were no dependents of said Betty Gates to receive an award under the amendment of Art. 23, Sec. 7 of the Constitution and statutory enactment following the Constitutional Amendment. This proceeding is brought to review the order denying the award.

The record discloses that Betty Gates left surviving her three daughters, Floetta Herndon, age 45 years, Jessie Mae Boggan, age 35 years, and Audre Vinnedge, 41 years of age. There is no attempt in this proceeding to assert or claim that either of these daughters was dependent upon Betty Gates, or that Betty Gates left dependents at her death.

Claimant relies upon Lahoma Oil Co. v. State Industrial Commission, 71 Okl. 160, 175 P. 836. Therein it is stated:

"Where one entitled to compensation under the Workmen's Compensation

Act (chapter 246, Laws 1915 [85 O.S. 1951 § 1 et seq.]) secured a determination and award for permanent disability, and died before the lapse of the maximum number of payments had been made according to the terms of the award, the right to compensation under the award ceased with his death."

In the body of the opinion it is stated:

"Two rights of action exist under the law of this state for wrongful injuries resulting in the death of a person. One is the right of action which survives to the estate, or the personal representatives, to recover damages sustained by the estate, and for pain and suffering, medical expenses, etc. The other is the right of action given for the benefit of the widow and children or next of kin for the pecuniary loss sustained by them on account of the death. It was held by this court in the case of St. Louis & S. F. R. Co. v. Goode, Ad'm, 42 Okl. 784, 142 P. 1185, L.R.A.1915E, 1141, that a recovery on one of such cause of action does not bar recovery on the other.

" * * * The cause of action for pain, suffering, medical expenses, etc., arising from a wrongful injury, survives under the statute (section 5281, R.L.1910 [12 O.S.1951 § 1053]) to the personal representatives when the injury results in the death of the employe, and becomes part of his estate and is subject to the claims of creditors. Section 7, art. 23, of the Constitution, provides:

" 'The right of action to recover damages for injuries resulting in death shall never be abrogated, and the amount recoverable shall not be subject to any statutory limitation.' "

Lahoma Oil Co. v. State Industrial Commission, supra, was modified in certain respects. See Western Indemnity Co. v. State Industrial Commission, 96 Okl. 100, 219 P. 147, and Parkhill Truck Co. v. Emery, 166 Okl. 280, 27 P.2d 333. It has been consistently followed by this court. Thereafter there was enacted chapter 29, S.L.1933, 85 O.S.1951 §§ 41, 43, 48, making

provisions for awards by the State Industrial Commission after death in certain instances. See Schmidt v. Moncrief, 194 Okl. 377, 151 P.2d 920.

Meanwhile in Markley v. White, 168 Okl. 244, 32 P.2d 716, this court held:

"The provisions of the Workmen's Compensation Act authorize the State Industrial Commission to award compensation to an injured employee in an amount sufficient to compensate him for the result of the injury, though the injury was aggravated by the negligence or carelessness of the physician selected by the employer, and the trial courts of the state have no authority of law to render a judgment for pain and suffering resulting therefrom."

This case was cited and approved in Weatherman, Adm'x v. Victor Gasoline Co., 191 Okl. 423, 130 P.2d 527, and Landry v. Acme Flour Mills Co., 202 Okl. 170, 211 P.2d 512. In Weatherman, Adm'x v. Victor Gasoline Co., supra, we held that the cause of action was not an injury resulting from death, and cited and followed St. Louis S. F. R. Co. v. Goode, supra.

This was the condition of the law until the enactment of the constitutional provision above referred to. In Capitol Steel & Iron Co. v. Fuller, 206 Okl. 638, 245 P.2d 1134, 1140, in approving the Legislative Enactment under the constitutional provision as amended this court said:

"Therefore, in the instant case, if the death of the employee had occurred prior to the 1950 Constitutional Amendment, an action for wrongful death could have been prosecuted under the provisions of 12 O.S.1941 Sec. 1053 for the benefit of 'the surviving spouse and children.' These persons, although having a cause of action would not have a right of action unless they suffered a pecuniary loss by reason of the death, in other words, were dependents. * * * Those entitled to participate in such distribution must be dependents and 'heirs at law of the deceased, as defined by the Descent and Distribution Statutes of Oklahoma' 1951 House Bill 312, Sec.

1. Thus, sections 1 and 4 of said 1951 House Bill 312 [85 O.S.1951 §§ 3.1, 22] merely put into words, what this court had held to be the meaning of 12 O.S.1941 sec. 1053. Any other interpretation would raise grave doubt as to their constitutionality."

It results therefore that the construction placed on the Legislative Enactment, following the constitutional authority for awards after death where the injury causes death, is that provision was made for the State Industrial Commission to make an award for death due to an accidental injury arising out of and in the course of the employment, and that the State Industrial Commission had no power to, and was not authorized to make an award for any other injury under this constitutional provision. See, in this connection, E. G. Nicholas Const. Co. v. State Industrial Commission, Okl., 262 P.2d 893. Under these holdings only the dependents of the deceased employee may obtain an award.

Neither can we agree with the argument that it was the intent of the constitutional amendment and the Legislative Enactment by implication to revive, or provide for, a cause of action for which an award may be made irrespective of the dependency. In Capitol Steel & Iron Co. v. Fuller, supra, we said:

"* * * It must be always borne in mind that the injured employee's cause of action for damages for personal injuries was and is one at common law, now abrogated by the Workmen's Compensation Law, but that the right of others to recover for his death is purely statutory and exists in this jurisdiction solely by virtue of 12 O.S. 1941 sec. 1053. St. Louis & S. F. Ry. Co. v. Goode, 42 Okl. 784, 142 P. 1185, L.R.A.1915E, 1141. No cause of action for death is created by Art. XXIII, sec. 7 (originally or as amended) or by the Workmen's Compensation Law which now applies to and controls both causes of action. This last mentioned law does not and cannot create either. * * *"

Under Parkhill Truck Co. v. Emery, supra, cited in Weatherman v. Victor Gaso-line Co., supra, Betty Gates as employee had no right of action, but only a right to an award. Claimant has neither a right of action nor a right to an award for conscious pain and suffering under the Amendment to the constitutional provision and Legislative Enactment following the same. The right to an award is on account of the death of Betty Gates and is to the dependents exclusively.

Order denying award sustained.

HALLEY, C. J., JOHNSON, V. C. J., and CORN, DAVISON, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.