Mrs. Opal Lucille ROBERTS, for herself, and on behalf of John Harland Roberts, a minor, as mother and next of kin, Petitioner,

v.

W. O. MERRILL and Ella Cowling d/b/a Riteway Laundry and Dry Cleaners, a co-partnership, and American Surety Company, a corporation, Insurance Carrier, and the State Industrial Court, Respondents.

No. 39650.

Supreme Court of Oklahoma.

Nov. 5, 1963.

Brown, Brown & Brown, by Lonnie Brown, McAlester, for petitioner.

Pierce, Mock, Duncan, Couch & Hendrickson, by Henry F. Featherly, Oklahoma City, Charles R. Nesbitt, Atty. Gen., for respondents.

DAVISON, Justice.

The order under review denies an award of death benefits to claimant who is the widow of a deceased workman. The trial tribunal's determination rests on its finding which recites in pertinent part:

"* * * claimant's claim for death benefits provided under the Workmen's Compensation Law should be denied by reason of the fact that such claim is barred by the Statute of Limitations and provisions set out in Title 85 O.S. 1951, Section 22, Sub-Section 7, as amended, since John W. Roberts (deceased workman) died on June 15, 1959, more than five years after his (accidental) injury of January 9, 1954."

The record discloses that decedent sustained an accidental injury on the mentioned date and was awarded compensation for permanent total disability resulting therefrom. See, Merrill et al. v. State Industrial Commission, Okl., 290 P.2d 1095.

The decisive contention presented by claimant is that the provisions of 85 O.S. 1961 § 22, subdiv. 7, effect a constitutionally inhibited abridgment of, and hence operate to abrogate, her right of action for death in contravention of Art. 23, Sec. 7, Okl.Const.

85 O.S.1961 § 22, subdiv. 7, provides in its pertinent part:

"If the injury causes death within two (2) years from the date of the accident or if the injury causes continuous disability and causes death within five (5) years from the date of accident, * * * compensation shall be payable in the amount of Thirteen Thousand Five Hundred Dollars ($13,-

500.00) and to the dependents of the deceased employee as defined herein."

The quoted statute, which forms a part of the Death Benefit Act, was passed by the 23rd Legislature, H.B. 312, S.L.1951, pages 267–270, and has not been amended since its enactment.

The exclusive source of legislative authority in this State for the enactment of House Bill 312, or any other legislation regulating the right of action for injuries resulting in death, is embodied in Art. 23, Sec. 7 of the Oklahoma Constitution which, in its original form, provided:

> "The *right of action* to recover damages for injuries resulting in death *shall never be abrogated*, and the *amount* recoverable *shall not be subject to any statutory limitation,* * * *." (emphasis ours).

This section of our Constitution was regularly amended on July 4, 1950, by an addition of the following proviso:

> "* * * provided however, that the Legislature *may provide an amount of compensation under the Workmen's Compensation Law* for death resulting from injuries suffered in employment covered by such law, in which case the compensation so provided shall be *exclusive*." (emphasis ours).

Consistent with the constitutional inhibition against limitation of the amount recoverable for death, before the 1950 amendment of Art. 23, Sec. 7, as noted, the Oklahoma Workmen's Compensation Act did not, and could not, comprehend any provisions for death benefit. It expressly excluded from its operation those cases where the accident resulted in death. 85 O.S. 1941, § 121; Black Gold Petroleum Co. et al. v. Hirshfield, 182 Okl. 634, 79 P.2d 566, 569; Oklahoma Furniture Mfg. Co. v. Douglas, 193 Okl. 498, 145 P.2d 180, 182. The effect of the Compensation Act was to afford to the employee a special procedure under which to maintain his action where the injuries did not result in death. After his death his representatives could maintain their action (for wrongful death pursuant to the pertinent provisions of the Code of Civil Procedure, now designated as 12 O.S.1961 §§ 1053, 1054), but not under the Compensation Act. Lahoma Oil Co. v. State Industrial Commission of Oklahoma, 71 Okl. 160, 175 P. 836, 837, 15 A.L.R. 817; Weatherman v. Victor Gasoline Co., 191 Okl. 423, 130 P.2d 527, 530.

Before Art. 23, Sec. 7 was amended in 1950, and ever since statehood, the right of action to recover damages for wrongful death had its existence only by virtue of, and was solely governed by, Section 4313, Oklahoma Statutes of 1893, which section was operable according to its own terms and in conjunction with Section 4314 of the same laws. With but a few slight modifications, these sections have continued in force. They are presently embodied in the Code of Civil Procedure, designated as 12 O.S.1961 §§ 1053 and 1054. Capitol Steel & Iron Co. et al. v. Fuller et al., 206 Okl. 638, 245 P.2d 1134, 1137.

The manner in which the original adoption of Art. 23, Sec. 7, affected the right of action for wrongful death is ably discussed in F. W. Woolworth Co. v. Todd, 204 Okl. 532, 231 P.2d 681, 684, where this court said:

> "The constitution, Schedule Sec. 2, proposed to extend and continue in force all of the laws in force in the Territory of Oklahoma at the time of the admission of the state into the Union which were not repugnant to the constitution and not locally inapplicable. That, of course, included Section 4313, Oklahoma Statutes 1893. That was one legislative act which the framers of the constitution desired to keep intact, and to that end they included Section 7, Article 23 in the constitution. *The intent and effect of that provision is that so long as the provisions of Sec. 7, Article 23, of the constitution remain as a part of the constitution, the legislature, or the people by initiative petition, may not withdraw, take away, annul, or repeal the provi-*

*sions of said Section 4313*, Oklahoma statutes of 1893. * * *" (emphasis ours)

The effect given to Art. 1, Sec. 16 (formerly Art. 1, Sec. 18) of the Constitution of New York, which is strikingly similar to Art. 23, Sec. 7 of our Fundamental Law, was expressed in terms almost identical to our Woolworth pronouncement.

" * * * Section 18 of article 1 of the state Constitution provides: 'The right of action now existing to recover damages for injuries resulting in death shall never be abrogated; and the amount recoverable shall not be subject to any statutory limitation.' It is not to be doubted that by this provision the framers of the Constitution, and those who adopted it, *intended to crystallize and embody in the fundamental law of the state—'the law of the land'— the entire statutory right of action, with its incidents, as defined in the original act * * * and as fixed by* (emphasis ours) * * * *the Code of Civil Procedure*; * * *." Rosin v. Lidgerwood Mfg. Co., 89 App.Div. 245, 86 N.Y.S. 49, 55.

As disclosed by these authorities, all the incidents of the statutory right of action for wrongful death, as embodied is Sections 1053 and 1054 of Title 12, became "crystallized" by Art. 23, Sec. 7 of the Constitution. This, in substance, characterizes the legal situation which preceded the 1950 amendment.

██ In its original form, Art. 23, Sec. 7, unmistakably comprises two distinct concepts, both equally categorical and absolute in their terms—protection against legislative abrogation of the right of action for injuries resulting in death and interdiction of any statutory limitation upon the amount recoverable in that class of actions. While the 1950 amendment did qualify the latter inhibition, it left the former intact and unaffected. The narrow language of the added proviso did not extend any further than to authorize a legislative act (a) providing an amount of compensation in cases where death results from injuries suffered in employment covered by the Workmen's Compensation Act and (b) making that amount exclusive. *The proviso contemplates and intends, not to abolish or abridge any remedy, which then existed, but to effectively substitute one remedy for another. It did not intend to leave anyone incapable of presenting a claim for injuries resulting in death to some judicial tribunal.* Capitol Steel & Iron Co. v. Fuller, supra; Pawhuska Feed Mills v. Hill, Okl., 289 P.2d 671, 674; Oklahoma State Highway Department v. Nash, Okl., 297 P.2d 412, 414. We said in those last cited cases that the Death Benefit Provision of the Workmen's Compensation Law was adopted as a substituted remedy for the Wrongful Death Statute insofar as causes of action arise from death of workers employed in hazardous occupations. Now, as before, the Legislature continues powerless to abrogate the *right of action,* which is the right to effectively pursue a remedy, *except* by supplying to the designated beneficiaries under 12 O.S.1961 § 1053, a new form of compensation. See, in this connection, Foster v. Humburg, 180 Kan. 64, 299 P.2d 46, 50. And as before the 1950 amendment, the Legislature may not say that those statutory beneficiaries whose decedents, had they lived, might have pursued a remedy, whether successfully or not, shall now be left without effective access to some tribunal. The substituted form of compensation is exclusive, but to the extent that the substitution of a new remedy should prove ineffective to secure relief, the old one might survive under the protective shield of an absolute constitutional inhibition against abrogation of the right of action for death. See, in this connection, Warren v. Morse Dry Dock & Repair Co., 235 N.Y. 445, 139 N.E. 569, 570, certiorari denied, 262 U.S. 756, 43 S.Ct. 703, 67 L.Ed. 1217.

██ Any right of recovery for death, whether it be by an action at law for wrongful death or by a claim for death benefits under the Workmen's Compensation Act, exists by reason of the provisions of 12

O.S.1961 § 1053. In *all* instances where an injured person may pursue a claim to recover compensation for an accidental injury, the persons authorized by 12 O.S. 1961 § 1054, may, if death is asserted to result from that injury, pursue a remedy to recover death benefits. Quigley v. State Industrial Commission, Okl., 298 P.2d 415, 418.

The first case to reach this court after the passage of the Death Benefit Act points out that the right to recover for death exists in this jurisdiction, as before, solely by virtue of 12 O.S.1961 § 1053, and that the Legislature may under the 1950 amendment, modify the provisions of 12 O.S.1961 §§ 1053, 1054, *only insofar* as necessary to fit the right to, and award for, death benefits within the overall procedural framework of the Workmen's Compensation Law.

In Capitol Steel & Iron Co. v. Fuller, supra, p. 1139, of 245 P.2d it is stated:

"The effect of the amendment or added proviso of Article XXIII sec. 7 of the Constitution was to place a death action upon the same footing as a personal injury action when each arose by reason of accidental injury in the course of employment covered by the Workmen's Compensation Act. Legislation going beyond the accomplishment of that result was not authorized or intended.

" * * * The 1950 constitutional amendment did not authorize the Legislature to make a distinction in the applicability of any provision of the Workmen's Compensation Law based upon whether or not the injury resulted in death except as to the amount of recovery. Therefore, any provision contained in said House Bill No. 312 which makes such distinction is unconstitutional and void to that extent. For the same reason, any provision in said act which modifies the provisions of sections 1053 and 1054 of Title 12 O.S.1941, except to 'provide an amount of compensation under the Workmen's Compensation Law for death resulting

from injuries suffered in employment covered by such law,' is also void.

" * * * It must be always borne in mind that the injured employee's cause of action for damages for personal injuries was and is one at common law, now abrogated by the Workmen's Compensation Law, but that the right of others to recover for his death is purely statutory and exists in this jurisdiction solely by virtue of 12 O.S. 1941 sec. 1053, St. L. & S. F. Ry. Co. v. Goode, 42 Okl. 784, 142 P. 1185, L.R.A. 1915E, 1141. No cause of action for death is created by Art. XXIII sec. 7 (originally or as amended) or by the Workmen's Compensation Law which now applies to and controls both causes of action. This last mentioned law does not and cannot create either. * * *"

In Quigley v. State Industrial Commission, supra, p. 418 of 298 P.2d, it is said:

"And now, since the 1950 amendment of Art. XXIII, § 7 Oklahoma Constitution and the passage of the 1951 Death Benefit Act, supra, when the injury results in death and, by virtue of the Workmen's Compensation Law, the employee 'might have maintained an action (in the State Industrial Commission) had he lived, against the latter (the employer) for an injury for the same act or omission', then because of the provisions of 12 O.S.1951 § 1053 as modified by the Death Benefit Act, supra, the authorized persons (under 12 O.S.1951 § 1054) 'may maintain an action therefor against the latter (the employer).'"

The terms of 85 O.S.1961 § 22, subdiv. 7, so far as the same operate to preclude a claim when death results after passage of the time periods fixed therein, do not constitute a mere statute of repose, which is an affirmative defense and ordinarily bars only the remedy rather than the right itself. This court has repeatedly held that the statutory limitation of time within which a claim may be filed or prose-

cuted constitutes a limitation upon the remedy rather than upon the right itself. See, in this connection, Skelly Oil Co. v. Harrell, 192 Okl. 101, 134 P.2d 136, 138; Steffens Ice Cream Co. v. Jarvis, 132 Okl. 300, 270 P. 1103, 1104; Skelly Oil Co. v. Harrell, 187 Okl. 412, 103 P.2d 88, 90; Atlas Coal Co. v. Corrigan, 148 Okl. 36, 296 P. 963; Pine v. State Industrial Commission, 148 Okl. 200, 298 P. 276, 78 A.L.R. 1287; Sinclair Prairie Oil Co. v. Smith, 168 Okl. 483, 34 P.2d 248; Bowling v. Blackwell Zinc Co. et al., Okl., 347 P.2d 1022.

The limitation provisions contained in 85 O.S.1961 § 22, subdiv. 7, place a condition upon the right itself in that they extinguish the claim before it arises and precludes the beneficiary from effectively pursuing the statutory remedy. A similar time bar was termed by the California Supreme Court to be "in the nature of a qualifying condition in the exercise of any right to death benefits." See, Ruiz v. Industrial Accident Commission, 45 Cal.2d 409, 289 P.2d 229, 233.

■ In the case at bar, we are not concerned with the question of the general legislative power to regulate procedure governing the prosecution of death benefit rights, but with a restrictive condition which operates to abridge or abrogate the right itself to that class of persons whose decedents die later than the maximum period allowed to intervene between injury and demise. Such restriction, which bars the right to effectively pursue a remedy, is beyond the legislative authority and contrary to the controlling provisions of the statute, 12 O.S.1961 § 1053. It is manifest that pursuant to the terms of the cited statute, decedent had he lived, could have maintained, and did in fact maintain, a proceeding to recover for his accidental injury; hence, the statutory beneficiaries, by reason of 12 O.S.1961 § 1054, have a right to maintain a proceeding to recover compensation for death suffered in employment covered by the Workmen's Compensation Act. Art.

23, Sec. 7; Quigley v. State Industrial Commission, supra.

Under the proviso added to Art. 23, Sec. 7, we conclude the lawmaking body of this state remains, as before, without authority to ordain that beyond a given interval between injury and death there exists no right to pursue a remedy before some tribunal. The cause of death, regardless of the time when death occurs, presents an adjudicatory fact to be resolved from the evidence, and the Legislature continues to be without power of predetermining causation by means of a statutory fiat.

The terms of 85 O.S.1961 § 22, subdiv. 7, we reiterate, effect such a modification of 12 O.S.1961 § 1053, that operates to substantially abridge the right of action (which is the right to effectively pursue a remedy) for injuries resulting in death. These provisions extend beyond the limits of authority vested in the Legislature by Art. 23, Sec. 7, as amended by the 1950 proviso. The modification so engrafted amounts to an abrogation of a right protected by the Fundamental Law and is hence unconstitutional.

■ Employer has vigorously urged that the protective shield of Art. 23, Sec. 7, extends solely to actions for wrongful death where negligence forms the basis of liability. Out of our past pronouncements language, obscure when lifted out of context, is used to provide countenance for the view that the section's inhibitory provisions were "never intended to apply to anything except tort actions for wrongful death." If this were true before the 1950 amendment, it is solely because at that time there was but one form of remedy afforded by law and the Workmen's Compensation Act could not, without a change in the fundamental law, comprehend a claim of death. This much and *no more* is to be deduced from Weatherman v. Victor Gasoline Co., supra. It suffices to say that the cited section of the Constitution now, as before, absolutely prohibits the abrogation of "[t]he right of action to recover damages for injuries resulting in death." The "right of action"—

a term far from synonymous with "cause of action"—means the right to effectively pursue an available remedy in a suitable forum, whether successfully or not. Foster v. Humburg, supra. The existence of a cause of action would not be meaningful without an adequate opportunity for its pursuit. That opportunity stands constitutionally protected. While by its terms Art. 23, Sec. 7, creates *no* cause of action for death either at law or under the Workmen's Compensation, it continues, with like force and effect as before, to prohibit the Legislature from erecting barriers to its effective prosecution, *whatever the forum or remedy may be*. This much is manifest from statements in Capitol Steel & Iron Co. v. Fuller, supra. (p. 1139 in 245 P.2d). Prior to the 1950 proviso, all beneficiaries of decedent workmen, *whether ultimately successful in proving negligence or not,* did have an unqualified "right of action" for death against the employer and were constitutionally assured of adequate access to a suitable forum for the prosecution of the claims. By the narrow language of the 1950 proviso these persons did not become suddenly stripped of this valuable protection. It continues to shield them from all legislative action rendering prosecution of death claims ineffective, although the new remedy is now available in a different, more suitable forum. The right to judicial process free from statutory conditions operating to destroy its effectiveness remains within the shield of protection against legislative inferences—only the available remedy has been changed by substitution of one form or another. Yet as before, recovery may be defeated for want of a necessary element of proof.

It has also been urged that a decision holding unconstitutional the time limit in 85 O.S.1961 § 22, subdiv. 7, would "open the flood gates" to claims instituted long after the occurrence of an accidental injury. This argument is, of course, irrelevant to the matter before us. Courts may not be governed by actuarial factors in effecting constitutional adjudications. Such considerations might be persuasive to a legislative committee, but not to an appellate court. Moreover, since the 1950 amendment provided merely a substituted form of remedy, the question here to be considered is one of legislative authority to bar the class of persons affected by 85 O.S.1961 § 22, subdiv. 7, from the benefit of the new remedy. That class had not been excluded from access to court prior to the amendment, but is now barred under the order of the State Industrial Court, under the facts in ths case, from pursuing any remedy, with effect, before that court.

Were we to conclude that the Legislature did possess the authority to exclude that class from pursuing a remedy under the Workmen's Compensation Act, our holding would leave all beneficiaries, who are adversely affected by 85 O.S.1961 § 22, subdiv. 7, free to prosecute an action at law against the employer. Such result would not accord with the intent of the 1950 amendment which manifestly contemplated an effective substitution of remedy in favor of *all* authorized persons, without exception. See in this connection Southwest Stone Co. v. Washington, Okl., 381 P.2d 872; see also Warren v. Morse Dry Dock & Repair Co., supra.

Employer's argument places strong but unwarranted reliance upon the decision of the California Supreme Court in Ruiz v. Industrial Accident Commission, supra. This case, as noted earlier, upholds as valid a legislative limitation similar to that here under consideration. The opinion in the cited case, which turns solely on statutory construction, can be of no aid or guidance to this court in the present matter. The precise question tendered for our determination here was not considered by the California court. The constitution of that state contains no provision similar to our Art. 23, Sec. 7, which is a restriction upon the legislative power to curtail the right to effectively pursue a remedy for death.

The 1950 amendment to Art. 23, Sec. 7, inexorably directs that limited recovery for death suffered by workmen in hazardous oc-

cupations *"shall be exclusive."* The amendment itself creates and sets apart a *single, legislatively indivisible* group of persons, *all* of whom stand deprived of a right to proceed with an action at law against the employer. This class or group consists of *all* authorized claimants (as defined by 12 O.S.1961 § 1054), whose decedents met death in employment covered by the Workmen's Compensation Act. So long as compensation for death may be had in the Industrial Court, the right of *all* these persons to effectively pursue a claim for limited recovery,—a new form of remedy substituted to them as a new and effective remedy for the old one,—is now as much protected against legislative abrogation as was their right to proceed with an action at law prior to the 1950 amendment. The new form of remedy, *being exclusive regardless of whether its prosecution be successful or not, must* be available and afforded to the entire class, so embraced, without any legislative exception or exclusions; otherwise there will be some who shall be left without any effective forum. Insofar as the terms of 85 O.S.1961 § 22, subdiv. 7, impose a limit on the time interval between injury and demise, they effect a legislative predetermination of an adjudicatory fact and operate to bar all claimants affected thereby from access to the State Industrial Court, the only forum available to them for establishing, by proper proof, a causal connection between injury and subsequent death. Sample v. G. I. Construction Company, Okl., 296 P.2d 794, 796. The cited statutory provisions thus leave that class of claimants without any remedy, either primary or substituted, and abrogate the right of these persons to effectively pursue a claim for death benefits.

■ The present claim, concededly brought within one year from the date of decedent's death, was timely filed under the terms of 85 O.S.1961 § 43, which provides in its pertinent part:

"The right to claim compensation under this Act shall be forever barred unless within *one (1) year after the injury or death,* a claim for compensation thereunder shall be filed with the Commission. \* \* \*" (emphasis supplied)

Although the one year limitation so provided in the cited section is shorter than that which applies to wrongful death actions under 12 O.S.1961 § 1053, this restrictive modification of the controlling statute does not transgress the bounds of legislative authority. It clearly places the right to prosecute a death claim upon precisely the same footing as the right to proceed for disability from an accidental injury, making no distinction between the two; and it thus fits the new remedy, in a constitutionally objectionable manner, within the procedural framework of the Workmen's Compensation Act. Capitol Steel & Iron Co. v. Fuller, supra, p. 1139, of 245 P.2d.

The trial tribunal's disposition of the claim rests solely on an unconstitutional limitation upon claimant's right to effectively pursue the substituted remedy. The order is accordingly vacated and cause remanded for further proceedings consistent with the views herein expressed.

JOHNSON, WILLIAMS, JACKSON and IRWIN, JJ., concur.

BLACKBIRD, C. J., HALLEY, V. C. J., and WELCH and BERRY, JJ., dissent.

BLACKBIRD, Chief Justice (dissenting).

I cannot concur in the majority opinion. I think its erroneous conclusion is the result of confusing, and treating as being in the same category, with tort actions for wrongful death, proceedings in the State Industrial Court for the $13,500 in death benefits provided under our Workmen's Compensation Law for dependents of employees fatally injured while engaged in hazardous occupations.

The right of action for damages on account of negligence for wrongful death was the only one in existence for recovering against a master, or employer, for his em-

ployee's loss of life at the time our Oklahoma Constitution, with its Article 23, Section 7, was adopted; and this was the only "right of action" that could have been within the contemplation, or scope, of that section's prohibition against abrogation and "statutory limitation". In this connection, see F. W. Woolworth Co. v. Todd, 204 Okl. 532, 231 P.2d 681, cited in the majority opinion. Be that as it may, however, and assuming that there ever was any basis for believing that Article 23, Section 7, supra, applied to Workmen's Compensation cases arising out of accidental deaths, as certain dictum in Black Gold Pet. Co. v. Hirshfield, 182 Okl. 634, 79 P.2d 566, 567 —cited in the majority, might be interpreted to indicate, it is my opinion that all doubt as to the matter should have been dispelled by the express exclusion of workmen's compensation death claims from operation of said section, by its 1950 amendment.

In my opinion, it is just as plain, in view of said amendment, that the Legislature could ignore Article 23, Section 7, supra, in devising ways and means of providing death benefits under our Workmen's Compensation Law as it was held to be under the 1913 amendment of the New York Constitution (though I recognize that the New York amendment was worded more fully and explicitly than Oklahoma's). In this connection, see the discussion in Shanahan v. Monarch Engineering Co., 219 N.Y. 469, 114 N.E. 795, 796–798, both inclusive.

And, to my way of thinking, this is as it should be. In providing employees' dependents with this new remedy for obtaining recompense for their deaths, without the necessity of proving negligence on the part of their employers, or being subject to the usual defenses applicable to tort, or wrongful, death actions, such as assumption of risk and contributory negligence, the Legislature has bestowed upon them, by enacting H.B.No.312 (S.L.1951, pages 267–270, incl.) a simple, less formal, and more expeditious way of proceeding than was ever known to this jurisdiction before that enactment. Even though this new remedy is exclusive for deaths in hazardous occupations, and includes those caused by the employer's negligence, as well as those that would not otherwise be actionable—this still does not make it the "right of action" referred to in Art. 23, sec. 7, supra, for that "right of action" was one to which assumption of risk was a good defense. It is incomprehensible to me that this court can distinguish the basis of Workmen's Compensation claims from a "right of action", and call it merely a "right to an award" in some cases, yet fail to make that distinction here. In this connection, see Herndon v. Dolton Barnard Hardware Co., (Okl.) 264 P.2d 723, and the discussion and cases therein.

To support my opinion that Art. 23, section 7, supra, was never intended to apply to anything except tort actions for wrongful death (recognized by our statutes at the time that provision was adopted), I refer to this court's opinions in Weatherman v. Victor Gasoline Co., and Capitol Steel & Iron Co. v. Fuller, both cited in the majority opinion. In the first cited case, after referring to the history of our statutory provisions, this court, concerning our Workmen's Compensation Act, said: (130 P.2d 527, 531):

"It * * * covered a field of liability not comprehended by that statute (Tit. 12 O.S.1941 and 1961 § 1053) namely, liability for injuries to employees *independent of damages occasioned by death*." (Emphasis mine).

That the general scope of the Workmen's Compensation Law has not changed, nor the *"right to an award"* (Herndon v. Dolton Barnard Hardware Co., supra) therein provided, yet been brought into the same category with the *"right of action to recover damages* for injuries resulting in death * * *."* (Art. 23, Sec. 7, supra) is further evidenced by this court's statement in the Capitol Steel & Iron Company case (245 P.2d 1134, 1139) that:

*"No cause of action for death* is created by Art. XXIII sec. 7, (original-

ly or as amended) or by the Workmen's Compensation Law * * *. This last mentioned law does not and cannot create either. * * *" (Emphasis mine).

It is appropriate and proper that, in granting a deceased employee's dependents this new remedy, or "right to an award", the Legislature could prescribe conditions, restrictions and/or limitations governing its invocation. Thus, in addition to limiting the amount that could be awarded on death benefit claims, the Legislature also had the power to place a limitation on the time within which they could be filed, and to name and define those who could maintain them. Such conditions to obtaining those benefits have, in the wisdom of the Legislature, been prescribed by Tit. 85 O.S.1961 § 22, subdiv. 7. I think their prescription is a valid exercise of legislative authority, and should be upheld by this court. For us to emasculate from the death benefits portion of the Workmen's Compensation Law the condition that the death for which this new benefit is provided, must occur within five years from the date of the accident, is, in effect, to legislate—and to render incomplete, an otherwise comprehensive legislative scheme, or plan, under which both claimants and employers forego certain rights they would have in tort actions in return for an expeditious way of handling claims arising out of accidental deaths in the special category of hazardous employments.

The majority opinion leaves proceedings for death benefits under the Workmen's Compensation Law without even the two-year-after-death limitation period prescribed for wrongful death actions. See Tit. 12 O.S.1961 § 1053. Without any limitation on the time within which such Industrial Court proceedings may be filed, it is readily conceivable that some may be filed as long as 20 to 30 years after the accident. It is easy to see that the effects of this will be varied, far-reaching and revolutionary.

For the foregoing reasons, I respectfully dissent.