LEWIS DRILLING COMPANY and Standard Accident and Insurance Co., its insurance carrier, Petitioners,

v.

Gene BROOKS, Deceased, Mary Brooks, Widow, and the State Industrial Commission of the State of Oklahoma, Respondents.

No. 42856.

Supreme Court of Oklahoma.

March 4, 1969.

Donald N. Bykerk, Oklahoma City, for petitioners.

Harry R. Palmer, Jr., Oklahoma City, G. T. Blankenship, Atty. Gen., for respondents.

LAVENDER, Justice.

In this proceeding, we are asked to vacate an order of the State Industrial Court, sitting en banc, which adopts, affirms, and makes the judgment and order of that court, an order of a trial judge of that court sustaining the claim of Mary Brooks for compensation in the amount of $13,500.00 for the death of her husband, Gene Brooks.

It is undisputed that on July 17, 1958, Gene Brooks was employed by Lewis Drilling Company (which, with its insurance carrier, are herein called the "respondents," as they were in the proceedings in the Industrial Court) in an occupation covered by the workmen's compensation law and, on that date, sustained accidental personal injuries arising out of and in the course of such employment; that he filed a claim with the Industrial Court for compensa-

tion for disability resulting from that accident, and the same was settled on joint petition, with the approval of that court, on September 2, 1965; that he died on June 6, 1966 (seven years, eleven months and twenty days after that injury); that his disability (sixty-eight per cent permanent partial to the body as a whole, according to the medical evidence submitted at the hearing on the joint petition mentioned above) was continuous until his death; that the claim of the widow (hereinafter called the "claimant") was filed with the Industrial Court on November 15, 1966; and that the claimant was a "dependent," and the only "dependent," of the deceased employee, as that term is used in subdivision "7" of 85 O.S.1961, § 22, both before and after its amendment in 1965.

That section (22) establishes a schedule of compensation to be paid by an employer for disability or death resulting from an accidental personal injury sustained by an employee, arising out of and in the course of his "hazardous" employment, with subdivision "7" thereof (which was added by amendment in 1951) providing the compensation in case of such a death. Prior to the amendatory act of 1965, that subdivision of that section provided that:

> "If the injury causes death within two (2) years from the date of the accident or, if the injury causes continuous disability and causes death within five (5) years from the date of accident, notice of which was given as provided in this Act, compensation shall be payable in the amount of Thirteen Thousand Five Hundred Dollars ($13,500.00) and to the dependents of the deceased employee as defined herein."

Section 1 of the amendatory act of 1965 added a new sentence immediately following the old language, quoted above:

> "If death occurs more than five years after the date of the accident, it shall be conclusively presumed that death did not result from the injury;"

and Section 2 of the act provided that "This act shall become operative with respect to all deaths occurring on or after the date of the passage and approval of this act." The act, which was passed as an emergency measure, was approved by the Governor on May 24, 1965.

It seems probable that this "conclusive-presumption" provision was added to subdivision "7" of 85 O.S.1961, § 22 as a result of this court's opinion of November 5, 1963, in Roberts v. Merrill and Cowling d/b/a Riteway Laundry and Dry Cleaners et al., 386 P.2d 780, holding that the provisions limiting the recovery of death benefits under the workmen's compensation law to instances wherein death occurs within a specified time after the injury involved and, thereby, precluding recovery of such benefits in all instances in which death occurs more than the specified time after the accident, so modified the provisions of our "wrongful death" statutes (12 O.S.1961, §§ 1053 and 1054) as to abridge "the right of action (which is the right to effectively pursue a remedy) for injuries resulting in death," in violation of Section 7 of Article 23 of the Oklahoma Constitution, which, as amended in 1950 by adding the proviso thereto, provides that:

> "The right of action to recover damages for injuries resulting in death shall never be abrogated, and the amount recoverable shall not be subject to any statutory limitation, *provided* however, that the Legislature may provide *an amount of compensation* under the Workmen's Compensation Law for death resulting from injuries suffered in employment covered by such law, in which case the compensation so provided shall be exclusive." (Emphasis supplied)

Ignoring the time-limit provisions which have been in subdivision "7" of 85 O.S. 1961, § 22 since it was originally enacted in 1951 and were involved in Roberts v. Merrill, supra (except for suggesting that we should overrule that case and adopt the theory advanced in the dissenting opinion filed therewith), the respondents call atten-

tion to the fact that this employee's accidental injury occurred long enough prior to his death to raise the conclusive presumption, created by the 1965 amendment of that subdivision of the statute, that his death was not the result of the injury involved. They contend, first, that because of such conclusive presumption, the State Industrial Court was without authority of law to order the payment of death benefits in this case, and second, that because of such conclusive presumption, the State Industrial Court erred in admitting any evidence tending to show a causal connection between this employee's injury and his death. Therefore, respondents argue, there being no competent evidence tending to establish the requisite causal connection between the injury and the death, the order to pay death benefits was without authority of law and cannot be sustained.

As we see it, the conclusive-presumption provision in question was not intended to, and does not, *directly*, limit the death benefit provisions of the workmen's compensation law to instances in which death occurs within a specified time after an employee sustains an accidental personal injury arising out of and in the course of his employment. This was the case with the time-limit provisions involved in Roberts v. Merrill, supra. The provision involved here was intended to reach the same result, however, by making it absolutely impossible for a claimant to introduce any evidence whatsoever tending to establish that the employee's death resulted from his injuries in those instances in which the death occurs more than five years after the injury. The presumption provision, if effective, would leave the State Industrial Court without any authority of law to order the payment of death benefits under such circumstances (as argued in the respondents' second contention). We are of the view that that result is what condemns the conclusive-presumption provision in question as being violative of the provisions of Section 7 of Article 23 of the Constitution, supra.

■ Disregarding, for the moment, the opinion of this court in Roberts v. Merrill, supra, we think, from a consideration of the cases cited therein and other cases involving the death-benefit provisions of the workmen's compensation law, that, in determining whether or not some provision of the workmen's compensation law relating to death benefits thereunder, which goes beyond providing and thus limiting, an amount of compensation for the death of an employee, is violative of the provisions of Section 7 of Article 23 of the Oklahoma Constitution, as amended in 1950, we believe the test to be applied is whether or not a similar modification of our "wrongful death" statutes (12 O.S. 1961, §§ 1053 and 1054) would be violative of the provisions of that section of our Constitution, as originally adopted, by reason of abrogating, in whole or in part, the right of action created by those statutes as they existed at the time of the adoption of our Constitution and were carried forward into the state statutes.

In effect, that test was applied by this court in Roberts v. Merrill, supra, and that case was followed by this court in Viersen & Cochran Drilling Company et al. v. Ford et al. (1967), Okl., 425 P.2d 965. The respondents have advanced no convincing reason why either of those cases should be overruled.

■ As hereinabove mentioned, the conclusive-presumption provision of the statute involved herein would preclude recovery in the situation mentioned therein just as effectively as the time-limit provisions involved in Roberts v. Merrill, supra. We think that there can be no doubt but that a statute modifying the provisions of 85 O.S.1961, § 1053 by providing that, if death occurs more than five years after the injury involved, it shall be conclusively presumed that death did not result from the injury, would, by precluding recovery in such instances, abrogate the right of action created by that statute and 85 O.S. 1961, § 1054, and be violative of the provisions of Section 7 of Article 23 of the Oklahoma Constitution as originally adopted.

We hold that that portion of subdivision "7" of 85 O.S.1961, § 22, as amended in 1965, which provides that "If death occurs more than five years after the date of the accident, it shall be conclusively presumed that death did not result from the injury," is violative of the provisions of Section 7 of Article 23 of the Constitution of the State of Oklahoma, as amended in 1950.

In connection with their remaining attacks upon the order involved herein, the respondents point out that the only evidence of a causal connection between this employee's accidental injury and his death is the deposition of a Dr. C., of Beaver, Oklahoma, which was taken under a stipulation of the parties, made at the time of the taking of the deposition. The stipulation was that objections to questions propounded and answers thereto could be made at that time or could be made at the time of trial when the deposition is offered in evidence with the same force and effect as if made at the time of the taking of the deposition.

They contend that such deposition was improperly admitted in evidence, over their objection, and that, therefore, there being no competent evidence reasonably tending to support the Industrial Court's finding that the employee's death resulted from the injury involved, the Industrial Court was without authority of law to order the payment of death benefits and such order cannot be sustained.

They argue that the deposition was not admissible at all in the absence of a showing, required by 12 O.S.1961, § 447, that, for some legal cause, the attendance of the witness cannot be procured, or, if it was admissible in evidence, the trial judge erred in admitting it in evidence as an exhibit instead of requiring that the questions and answers be read into the record so that the respondents would have an opportunity to object to particular portions of the deposition, thereby excluding objectionable portions of the deposition from consideration by the court.

The record discloses that (except for the objection based upon the provisions of subdivision "7" of 85 O.S.1961, § 22 as amended in 1965, hereinabove disposed of) only one general objection to the admission of the deposition was presented to the Industrial Court, and that was the objection involving its admission as an exhibit. Alleged error on the part of the State Industrial Court, not presented to that court, cannot be alleged as error in this court [Western Indemnity Company v. State Industrial Commission et al. (1923), 96 Okl. 100, 219 P. 147, 29 A.L.R. 1419]. Consequently, we will not consider the respondents' contention involving alleged failure of the trial judge to comply with the provisions of 12 O.S.1961, § 447. Parenthetically, we note that where a district court has allowed a deposition to be admitted in evidence, this court, in the absence of any showing to the contrary, will assume that, as required by 12 O.S.1961, § 447, it was shown to the satisfaction of the trial court that, for some legal cause set forth in 12 O.S.1961, § 433, the attendance of the witness could not be procured [Producers' & Refiners' Corporation v. Castile (1923), 89 Okl. 261, 214 P. 121; Roger Givens, Inc. v. Mustex, Inc. (1966), Okl., 410 P.2d 42].

The record in the present case discloses that, in connection with overruling the respondents' objection to the admission of this deposition as an exhibit rather than requiring that the questions and answers be read into the record and allowing the respondents to object to particular questions and/or answers set forth in the deposition, the trial judge stated that, in order to have a proper understanding of all of the facts involved in the claim, it was going to be necessary for him to read the doctor's testimony as set out in his deposition, as well as the claimant's deposition (which was taken at the same time and was admitted into evidence without objection although she was present, and testified, at the hearing) and the proceedings involving the deceased employee's claim for compensation for disability. That for these

reasons the trial court requested that the respondents file written objections to particular questions and answers and allowed them the amount of time requested by them for that purpose. The trial court also gave the claimant time thereafter within which to file written answers to such objections. This procedure was followed with the understanding that he, the trial judge, would consider all of such objections and answers thereto, when submitted, and would rule on the objections. The respondents filed written objections to certain portions of the deposition and the trial judge noted thereon the overruling of each such objection separately.

The contention that it is error to admit a deposition in evidence as an exhibit rather than read it aloud at the time it is offered presents apparently a novel question. At we have seen respondents' objections to portions of the deposition were considered. Because of this and considering that this was a trial to the court without a jury, we are of the opinion that no error was committed in the admission of the deposition.

88 C.J.S. Trial § 64 at page 172 contains this statement: "Although a statute provides that a deposition may be read by either party and will then be deemed the evidence of the party reading it, in a trial without a jury it is not necessary that the deposition be actually read when presented as evidence."

The rulings of the trial court on the individual written objections to various questions and answers contained in the deposition are not assigned as error in this proceeding and we therefore deem such objections to have been waived. The argument, that requiring respondents to make their objections in writing in effect prevented them from making an adequate challenge to the evidence contained in the deposition, is without substantial basis.

The order of the State Industrial Court, involved herein, is hereby sustained and affirmed.

All the Justices concur.