OPINION OF THE COURT
Simons, J.
Petitioner instituted this article 78 proceeding seeking an order compelling respondent Riccobono, Administrative Judge of the First Judicial District, and respondent Reynolds, Clerk of the Medical Malpractice Part of Supreme Court, New York County, to immediately assemble a medical malpractice panel pursuant to Judiciary Law § 148-a and the Rules of the Appellate Division (22 NYCRR 636.1) to review and report on the claim petitioner has asserted against the additional respondents in a pending medical malpractice action. Alternatively, petitioner requests that the court either waive a panel hearing and order the action to trial or transfer it to a county other than New York County in which a suitable physician member of the panel may more easily be found. The Appellate Division dismissed the petition, without opinion, and petitioner appeals asserting that application of the statute and regulation unconstitutionally deprive her of access to the courts.
Petitioner’s underlying action was commenced against the additional respondents, the New York Hospital and various doctors, on May 16, 1974. In that action she alleges that her husband, Donne Colton, underwent a surgical procedure known as a right donor nephrectomy, that the additional respondents were negligent and guilty of malpractice in recommending and performing that procedure, and that as a result her husband sustained serious injuries and eventually died. Petitioner filed a note of issue with certificate of readiness nine and one-half years later, on December 29, 1983, and a prepanel conference was held on December 17, 1984. A panel hearing had not taken place at the time this proceeding was commenced five months later.
Judiciary Law § 148-a requires that, as a condition precedent to the trial of a medical malpractice action, a medical malpractice panel consisting of a Judge, physician and attorney must hear and evaluate the evidence in the action and issue a recommendation on the question of liability.* Typi *575 cally, after a note of issue is filed, the clerk calendars the action and a prepanel hearing is scheduled at which the parties may discuss the merits of the case and, if settlement is not possible, agree upon the medical specialty involved. The action is then referred to the Medical Malpractice Part, grouped with other cases by specialty, and scheduled for hearings chronologically unless mitigating circumstances warrant expedited action. The hearing is informal, with no stenographic record, and if the three members of the panel concur as to the question of liability, a formal written recommendation concerning such liability is signed by the panel members and forwarded to all parties. A unanimous recommendation is admissible in the subsequent trial of the action and the attorney and physician panel members concurring in it may be called to testify by either party (see, Bernstein v Bodean, 53 NY2d 520). The physician and attorney panelists are chosen from a list prepared by the Presiding Justices of the Appellate Division, the physicians being chosen from a list prepared with the assistance of the State or county medical society or the New York Academy of Medicine.
Petitioner contends that she is ready to proceed but that her trial has been delayed because of difficulty in assembling and convening a panel, that the delay will continue indefinitely denying her access to the courts and, therefore, that she is entitled to an order of mandamus.
Mandamus will not issue absent proof of a clear legal right to the relief requested, and even then issuance is a matter reserved for the discretion of the court (see, Matter of Crane Co. v Anaconda Co., 39 NY2d 14, 18). Petitioner’s claim of right rests solely on constitutional due process grounds; she claims that she has a property interest in access to the courts and that application of the statute and rule unfairly deprive her of that access. On this appeal she contends that the required mediation prevents her from proceeding to trial because no renal transplant specialist can be found to serve as a physician member of the panel and thus no hearing can ever be conducted. That argument was not presented below and, accordingly, it is not preserved for appeal (see, Cibro Petroleum Prods. v Chu, 67 NY2d 806). Our consideration is *576 limited to the contention which petitioner did present below, that section 148-a and the Appellate Division Rules, as applied to her, deny her access to the courts because of the delay in assembling a hearing panel. That question is properly raised in this article 78 proceeding (see, Matter of Kovarsky v Housing & Dev. Admin., 31 NY2d 184, 190; cf. Matter of Lakeland Water Dist. v Onondaga County Water Auth., 24 NY2d 400, 407-408).
Access to the civil courts is primarily a matter of State concern and legislatures have been granted broad latitude in establishing the machinery for resolving disputes as long as the challenged provision is adopted in the interest of the community, is reasonable in relation to its subject, and affords litigants the fundamentals of procedural due process (see, Boddie v Connecticut, 401 US 371, 375-376; West Coast Hotel Co. v Parrish, 300 US 379, 391; and see, Note, Constitutional Considerations of Medical Malpractice Screening Panels, 27 Am U L Rev 161, 168). As a general rule, access to the courts in and of itself is not a right protected by the Constitution. It will be required only when the right sought to be asserted is one recognized as carrying a preferred status in the constitutional sense, and so entitled to special protection, and only then when there is no alternative forum where vindication of the right may be sought (Montgomery v Daniels, 38 NY2d 41, 60; Boddie v Connecticut, supra). When no such fundamental interest is at stake, the State is free to condition access to the courts (Ortwein v Schwab, 410 US 656; United States v Kras, 409 US 434) or deny it on an arbitrary basis without a hearing (Leis v Flynt, 439 US 438; see generally, 2 Rotunda, Nowak & Young, Constitutional Law: Substance and Procedure § 17.2). Nevertheless, a State may create a right of access by its Constitution or statutes, as petitioner claims it has done here (see, NY Const, art I, § 16), and if it does, the Legislature may not alter or restrict this property right arbitrarily (see, Logan v Zimmerman Brush Co., 455 US 422; Ortwein v Schwab, supra; United States v Kras, supra; Woods v Holy Cross Hosp., 591 F2d 1164 [involving a similar mediation procedure]; 2 Rotunda, Nowak & Young, op. cit., § 17.10). Although our State Constitution does not create a per se right of access to civil courts, it does prohibit the Legislature from abrogating the cause of action for wrongful death. Unless the Legislature removes jurisdiction of such causes of action from the civil courts and provides an alternative remedy, as it has for a limited number of other causes of action (see, e.g., *577 Insurance Law § 5104 [no-fault]; Workers’ Compensation Law § 11 [workers’ compensation]), petitioner has, by implication, a right of access to the civil courts to plead and prove her wrongful death cause of action.
Judiciary Law § 148-a was one of a series of legislative responses to rising medical malpractice insurance rates. It was seen as a means of better equipping litigants to mediate a settlement, if warranted, or to prepare and narrow the issues for trial, if trial was required, thereby reducing the cost of litigation and helping preserve quality health care in this State. Since the legislation bears a rational relationship to that need, it does not violate substantive due process concerns (see, Treyball v Clark, 65 NY2d 589, 590-591; Bernstein v Bodean, 53 NY2d 520, 527, supra; Comiskey v Arlen, 55 AD2d 304, 314, affd 43 NY2d 696; see also, Woods v Holy Cross Hosp., supra; Note, Medical Malpractice Mediation Panels: A Constitutional Analysis, 46 Fordham L Rev 322).
Insofar as petitioner claims that the mediation process is procedurally unfair because it has delayed her trial, the short answer is that she has failed to demonstrate that her case has not moved toward hearing in timely fashion. The record indicates that the customary time elapsing before malpractice panels are assembled and convened, from calendaring to hearing, is one year. Petitioner has not established that the time involved in her case differs significantly from other malpractice actions or that she has been prejudiced as a result of it. Moreover, notwithstanding her own lengthy delay in noticing her case for trial, petitioner did not move for an expedited prepanel conference or for a panel to be promptly assembled when the note of issue was filed. Rather she waited almost a year for the prepanel hearing in December 1984 and even then she did not move to expedite the hearing at the prepanel conference. Instead, after several months, she commenced this proceeding.
Finally, even if petitioner could demonstrate egregious delay, any claimed constitutional violation would in most, if not all, cases be obviated by other remedies available to her. Although nothing in the statute appears to permit respondents to waive pretrial malpractice mediation (see, Rosa v Kulkarni, 89 AD2d 529; Gold v Hershey, 90 AD2d 704; Kasni v Krasner, 91 AD2d 512; Tobin v Ruskin, 91 AD2d 580) they may, in their discretion, transfer the matter to another county, as they have done in the past when they thought *578 transfer warranted by the circumstances presented (see, Matter of Geier v DeLuca, App Div, 2d Dept, Dec. 11, 1984, appeal dismissed 64 NY2d 1040; Matter of Seagraves v Cromarty, 110 AD2d 734; see also, Matter of McCabe v DeLuca, 107 AD2d 1097; see also, 22 NYCRR 636.1 [e], eff Jan. 1, 1986). The Appellate Division declined to exercise its discretion to do so in this case and we find no basis for petitioner’s claim that its determination resulted in an unconstitutional denial of due process.
Accordingly, the judgment of the Appellate Division should be affirmed, with costs.
Judges Meyer, Kaye, Alexander, Titone and Hancock, Jr., concur; Chief Judge Wachtler taking no part.
Judgment affirmed, with costs.

 Shortly after this proceeding was commenced, Judiciary law § 148-a was amended to exempt the Fifth Judicial District and Suffolk County from the *575 requirement of a medical malpractice panel (see, L 1985, ch 294, § 14, codified at Judiciary Law § 148-a [1]). Neither this change in the statute nor the recent adoption of a uniform rule governing malpractice panels for the State’s trial level courts (see, 22 NYCRR 202.56) affects the outcome or determination of this proceeding.