**Nettie Florence HUFF, Administratrix of the Estate of Joseph L. Huff, Deceased, Plaintiff–Appellant,**

v.

**FIBREBOARD CORPORATION, et al., Defendants–Appellees.**

**No. 82–2487.**

United States Court of Appeals, Tenth Circuit.

Dec. 30, 1987.

**474**

Silas Wolf, Jr., Norman, Okl., for plaintiff-appellant.

Mort G. Welch (Murray E. Abowitz of Abowitz & Welch with him on the brief), Oklahoma City, Okl., for defendants-appellees.

Before LOGAN, TACHA, and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

During his lifetime Joseph L. Huff was an asbestos insulator who worked in the insulation industry from 1934 until November 17, 1977, when he retired because of ill health. Huff died on February 23, 1979. The cause of his death was listed on the death certificate as "respiratory failure due to or as a consequence of pulmonatory asbestosis with fibrosis."

Huff's widow, Nettie Florence Huff, brought the present action on April 20, 1979, in the United States District Court for the Western District of Oklahoma, naming as defendants thirteen corporations which had manufactured, sold and distributed asbestos products which the deceased, Joseph L. Huff, had handled and come into contact with during his years of employment in the insulation industry. Jurisdiction was based on diversity.

Florence Huff, the plaintiff, set forth two causes of action in her complaint, and although neither mentions an Oklahoma statute, it appears that the first cause of action is a so-called "survivor's action" based on 12 O.S. § 1051. That statute reads as follows:

> In addition to the causes of action which survive at common law, causes of action for mesne profits, or for an injury to the person, or to real or personal estate, or for any deceit or fraud, shall also survive; and the action may be brought, notwithstanding the death of the person entitled or liable to the same.

In the first cause of action the plaintiff alleged that the asbestos products manufactured by the defendants which the deceased handled in the course of his employment in the insulation industry were defective and unreasonably dangerous to the user thereof and that the deceased breathed and ingested into his body asbestos dust and fibers and other elements of the defendants' insulation products causing injury which ultimately resulted in his death. Plaintiff sought damages for the deceased's loss of earnings from the date of his forced retirement to the date of his death, for the pain and suffering suffered by the decedent, for the expense incurred in treating the deceased, in a total amount of $705,000.

The second cause of action is based on the Oklahoma wrongful death statute, 12 O.S. § 1053 (Supp.1978), which reads as follows:

When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, or his personal representative if he is also deceased, if the former might have maintained an action, had he lived, against the latter, or his representative, for an injury for the same act or omission. The action must be commenced within two (2) years. The damages must inure to the exclusive benefit of the surviving spouse and children, if any, or next of kin; to be distributed in the same manner as personal property of the deceased.

In the second cause of action, plaintiff re-alleged all of the matter set forth in her first claim for relief and sought damages in the amount of $685,000 for the loss of pecuniary support she suffered as the result of her husband's death, for the medical, hospital and funeral bills which she became obligated to pay, for her loss of consortium, and for punitive damages.

Johns–Manville, an original defendant, settled a Workmen's Compensation claim brought against it by the decedent, which claim was pending at the time of the decedent's death, and that particular company was dismissed from the present proceeding. Certain of the other defendants settled and were dismissed from the present case.

The remaining defendants filed a motion to dismiss under Fed.R.Civ.P. 12. Extensive discovery ensued. The district court then considered the Rule 12 motion as a motion for summary judgment under Fed. R.Civ.P. 56 and granted summary judgment in favor of the defendants on both causes of action. The basic reason for the district court's grant of summary judgment was that as of the date of his death decedent had *no* claim against any defendant, and that, accordingly, under Oklahoma statutes, plaintiff, the surviving widow, also had *no* claim. Plaintiff appeals the adverse judgment entered against her. We affirm.

■ 12 O.S. § 1053 provides that a wrongful death action "must be commenced within two years." That provision means that the personal representative of the deceased must bring the action within two years from the date of the death of the injured party. *Weatherman v. Victor Gasoline Co.*, 191 Okl. 423, 130 P.2d 527, 529 (1942). The instant case was commenced in less than two months after the death of Joseph Huff.

12 O.S. § 1053 also provides that a wrongful death action may be brought by the personal representative of the deceased party if the deceased party could have himself maintained an action, had he lived, against the tort-feasor for his (the deceased's) injury based on the same act or omission which would form the basis for the wrongful death action. In this regard, the defendants argue that the record before the district court when it granted summary judgment in favor of the defendants showed that on the date Joseph Huff died any products liability, or negligence, claim that he might conceivably have had against the defendants was time-barred by the two-year statute of limitation contained in 12 O.S. § 95.[1] The position of the defendants is that under the wrongful death statute if the decedent, at the date of his death, had no cause of action against the tort-feasor who imposed the injury which ultimately resulted in death, then the personal representative of the deceased has no wrongful death action against the same tortfeasor

1. 12 O.S. § 95 reads as follows:

Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:

. . . .

Third. Within two years: An action for trespass upon real property; an action for taking, detaining or injuring personal property, including actions for the specific recovery of personal property; an action for injury to the rights of another, not arising on contract, and not hereinafter enumerated; an action for relief on the ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud.

based on the same act or omission, and that this is true regardless of the reason why the decedent had no cause of action against the tort-feasor. The plaintiff's position, as we understand it, is that if the deceased at the time of his death had no cause of action against the tort-feasor, then the personal representative of the deceased may well have no wrongful death action against the same tort-feasor, *unless* the claim of the deceased is simply time-barred under 12 O.S. § 95, in which circumstance the personal representative still has a wrongful death action. In thus arguing, counsel relies on *Weatherman v. Victor Gasoline Co.*, 191 Okl. 423, 130 P.2d 527 (1942). We do not believe that *Weatherman* compels such a holding.

As indicated, *Weatherman* does hold that 12 O.S. § 1053 requires that a wrongful death action must be brought within two years from the death of the injured party, and the court in that case went on to state that the general statute of limitations applicable to actions based on tort, i.e., two years, does not operate as a bar "even though the period prescribed by such statute has transpired after the date of the injury and before the action was commenced or even before the death." *Id.*, 130 P.2d at 529. However, the deceased in *Weatherman* never had a claim against the defendant, except a Workmen's Compensation claim, and, accordingly, the court in *Weatherman* also stated "[w]e are therefore not confronted (insofar, at least, as the first cause of action [wrongful death] is concerned) with a situation in which the statute barred recovery prior to death." *Id.* The situation which did not confront the *Weatherman* court is the situation which confronts us.

12 O.S. § 1053 is, in our view, quite clear and provides that if the deceased on the date of his death had no cause of action against the tort-feasor for the injuries which caused his death, then his personal representative has no wrongful death action against that same tort-feasor. The statute is by its terms absolute and contains no exceptions to that particular condition.

Our attention has not been directed to any reported case in Oklahoma where the personal representative of a deceased was held not to have a wrongful death action because the claim which the deceased once had against the tort-feasor was time-barred by 12 O.S. § 95. However, in *Hill v. Graham*, 424 P.2d 35, 38 (Okla.1967), the court held that a surviving widow could not maintain a wrongful death action against her stepson whose negligence caused the death of his father, plaintiff's husband, since the deceased, had he lived, did not have an action under Oklahoma law for personal injuries against his unemancipated minor son. In so holding, the Oklahoma Supreme Court spoke as follows:

> The wrongful death statute upon which plaintiff based this alleged cause of action is clear and unambiguous. The plain language of the statute grants the plaintiff a cause of action against the defendant minor in her representative capacity if the father (deceased) "might have maintained an action had he lived, against the latter * * * for the same act or omission. * * *" We see nothing in such language which may be construed as giving plaintiff a cause of action in circumstances where the statute, supra, would not have extended a right of action to deceased prior to his demise. When the language of a statute is plain and unambiguous there is no room for construction of such statute.

In *Haws v. Luethje*, 503 P.2d 871 (Okl. 1972), the Oklahoma Supreme Court held that where the injured party releases his cause of action against the tort-feasor for his personal injuries and then later dies as a result of those injuries, his personal representative may not thereafter maintain a wrongful death action against that same tort-feasor. In thus holding, the Oklahoma Supreme Court spoke as follows:

> In suits such as these, the cause of action is the wrongful act, neglect, or default causing death, and not merely the death itself. One condition upon which statutory liability depends is that the deceased had a right of recovery for the injury at the time of his death. There is no right in the personal repre-

sentative to maintain an action unless the decedent had the right to sue at the time of his death. There being but one cause of action, there can be but one recovery. If decedent releases the cause of action, the statute does not confer upon his personal representative the right to sue.

*Id.* at 874.

If the personal representative in *Hill* had no wrongful death action because the deceased *never* did have a cause of action against the party whose actions caused the injury resulting in death, and if the personal representative in *Haws* had no wrongful death action because the decedent had executed a full release of his claim against the tort-feasor for the injuries which later resulted in his death, it would seem to logically follow that where the deceased's claim against the tort-feasor for his personal injuries is time-barred by the applicable statute of limitations, then his personal representative may not maintain a wrongful death action. In any event, no Oklahoma case having been drawn to our attention which covers our particular fact situation, we are disinclined to disturb the application made by a resident Oklahoma federal judge of 12 O.S. § 1053 to the present case.[2]

Having determined that the statute means what it plainly says, i.e., if a decedent, for whatever reason, has no claim at the time of his death against the person causing his injuries, then his personal representative has no wrongful death claim, there remains the question of whether Joseph Huff's claim as of the date of his death against these defendants was, or was not, time-barred by the two-year statute contained in 12 O.S. § 95.

As indicated, there was extensive discovery in this case. Additionally, certain affidavits were attached to the defendants' motion to dismiss, which was treated as a motion for summary judgment. From that evidentiary matter we learn that the de-

ceased had been handling asbestos products in the insulating business for nearly forty years and knew he was being exposed to dust from such products. From 1971 he wore a mask to protect himself from asbestos dust.

Attached to defendants' motion to dismiss were certain hospital and medical records. From those records we learn that on August 15, 1972, Joseph Huff was hospitalized for a hernia condition under the care of a Dr. Stone. Record, Vol. IV, 1065. Dr. Stone wrote in his report as follows:

PAST MEDICAL HISTORY: ... Patient has worked in asbestos for many years and about 15 years ago, he had some acute pulmonary complications while working in Kentucky and he was admitted to the hospital and for some reason, he was given x-ray therapy for this condition and it took him a long time to recover from this type of treatment but since then, he has apparently compensated very well and has no pulmonary difficulties, no cough, no shortness of breath and works every day.

. . . .

CHEST: PA and lateral views of the chest show calcification in the diaphragmatic pleura and interstitial fibrotic changes throughout both lungs consistent with asbestosis. The upper lung fields are clear.

. . . .

IMPRESSIONS:

. . . .

2. Lungs, consistent with asbestosis, as described.

Further, the attachments to the motion to dismiss also established that on September 21, 1975, Joseph Huff was admitted to a hospital for swelling and inflamation of his left elbow. Record, Vol. IV, 1063. Dr. Jay, the attending physician, wrote in his report as follows:

---

2. In accord with our reasoning, *see Graham v. Updegraph,* 144 Kan. 45, 58 P.2d 475, 480 (1936), construing the parallel language of Rev.Stat. § 60–3203 (1923) as barring a wrongful death action where the decedent's injury claim was barred by the statute of limitations at the time of decedent's death. The holding of *Graham* was reaffirmed in *Mason v. Gerin Corp.,* 231 Kan. 718, 647 P.2d 1340 (1982), which construed the phrase "if the former might have maintained the action had he or she lived" in the revised wrongful death act, Kan.Stat.Ann. § 60–1901.

PAST HISTORY:

This patient has a long history with trouble of his lungs secondary to his asbestus (sic) work according to the patient. He has had x-ray treatments and bronschoscopy of lungs, Dr. Greer follows him for his pulmonary problems....

SOCIAL HISTORY:

This man is an asbestus (sic) worker and has been exposed to asbestus (sic) for a number of years.

. . . .

ADMISSION DIAGNOSIS:

Lesion of the left elbow; History of asbestus (sic) exposure and secondary pulmonary problems.

Plaintiff filed a response to defendants' motion to dismiss, and attached certain evidentiary matter thereto, including Huff's claim against Johns–Manville for Workmen's Compensation benefits, his death certificate, and an excerpt of his testimony apparently given in connection with his compensation claim. Record, Vol. IV, 1078. Those excerpts were never properly identified, but were nonetheless apparently considered by the district court. The gist of those excerpts, which represents the position of counsel on appeal, is that Huff didn't really "know" that he had asbestosis caused by defendants' products until he was so advised by his private physician at or about the time he retired from work on November 17, 1977, in which event the deceased's claim would not have been time-barred as of the date of his death.

A party is entitled to summary judgment where there is no genuine issue as to any material fact and judgment may be entered as a matter of law. Under Fed.R.Civ.P. 56, a party adverse to a motion for summary judgment may not rest upon mere allegations or denials of the other party's pleadings, but must set forth specific facts showing that there is a genuine issue for trial.

Here, according to plaintiff's transcript of the Workmen's Compensation hearing, the decedent had stated that if he had told Dr. Jay that he had asbestosis, it would have been because he had believed he had the condition, having worked with asbestos

for some time. Record, Vol. IV, 1082. Such a statement does not dispute defendants' contention that the decedent had such knowledge about his physical condition and its relationship to the asbestos products with which he worked sufficient to put a reasonable person on notice that inquiry should be made as to a possible cause of action.

In granting summary judgment to the defendants on the basis that any claim Huff might have previously had against the defendants was time-barred by the two-year statute found in 12 O.S. § 95, the district judge concluded that on the basis of the record before him "[t]he medical records clearly indicated that the deceased was aware of his lung condition being associated with asbestos no later than September 21, 1975," that "the symptoms of Joseph L. Huff were manifested sufficiently to produce resultant awareness and causal connection with the defendants' products on September 21, 1975," that, accordingly, the statute had expired on September 21, 1977, one year and five months before Huff's death, and that Huff accordingly had no claim against the defendants on the date of his death. *Huff v. Fibreboard Corp.*, No. CIV–79–477–BT at 5, 6 (W.D. Okla.1981). In thus concluding, the district judge followed a standard approved by this Court in *Williams v. Borden*, 637 F.2d 731 (10th Cir.1980).

*Williams v. Borden* involved a products liability case arising out of Oklahoma where the plaintiff claimed she suffered "meat wrappers syndrome" by breathing fumes containing toxic substances which resulted from the cutting of a clear plastic film coated with polyvinyl chloride through the use of a heated wire in the meat wrapping process. The district court granted summary judgment in that case for the defendants on the ground that her claim was time-barred by the two-year statute contained in 12 O.S. § 95. On appeal, plaintiff argued that her action accrued only "when she first received 'competent medical advice that her condition was *probably* caused by the PVC fumes'" (emphasis in the original). *Id.* at 733.

In *Williams v. Borden* this Court found "no clear Oklahoma decision as to whether some such special accrual rule would apply in the case of an occupational injury from the cumulative effect of an allegedly harmful product." *Id.* at 734. In such circumstance we concluded that based on other Oklahoma cases involving related matters, and based also on a pronouncement of the Oregon Supreme Court in *Schiele v. Hobart Corp.*, 284 Or. 483, 587 P.2d 1010, 1013 (1978), which opinion we found persuasive, the Oklahoma Supreme Court would probably adopt a "discovery rule that such a claim for personal injury from an occupational disease allegedly produced by the cumulative effect of a dangerous product does not accrue 'until the plaintiff knows, or as a reasonably prudent person should know, that he has the condition for which the action is brought and that defendant has caused it.'" *Williams v. Borden*, 637 F.2d at 734. Under that test, we held in *Williams v. Borden*, however, that the record did not warrant summary judgment and accordingly reversed. As indicated, the district judge in the instant case applied the announced rule, but, on the basis of the record before him, reached a result different from that reached in *Williams v. Borden*. We are in accord with the district judge's analysis of this matter.

Subsequent to the district court's rulings in the instant case, the Oklahoma Supreme Court in a products liability case involving plaintiff's use of a pesticide adopted, as we predicted, the rule set forth in *Williams v. Borden*, i.e., the statute does not run, which means the action has not "accrued," until the plaintiff knows, or as a reasonably prudent person should know, that he has the condition for which his action is brought and that the defendant caused it. *Daugherty v. Farmers Co-op. Ass'n*, 689 P.2d 947 (Okla.1984).

However, in *Daugherty* the Oklahoma Supreme Court upheld the granting of summary judgment for the defendants on the basis of the two-year statute. In so doing, that court emphasized that in *Williams v. Borden* the "potential for toxicity resultant from the exposure to meat wrapping operations was simply unknown by experts and laymen alike," whereas "the toxicity potential of pesticides at the present time is common knowledge." *Id.* at 950.

Further, and importantly, the Oklahoma Supreme Court in *Daugherty* cautioned that the "discovery rule" in Oklahoma in products liability cases "must not be interpreted as broadly as could be inferred from *Borden*." In this connection that court spoke as follows:

The facts of *Borden* must be considered in understanding the impact of the rule stated in that case, as quoted previously. In that action a reasonably prudent person could not have discovered the cause of the condition there encountered because the cause was at the time beyond the pale of human knowledge. Properly limited, a discovery rule should encompass the precept that acquisition of sufficient information which, if pursued, would lead to the true condition of things will be held as sufficient knowledge to start the running of the statute of limitations. *Young v. International Paper Co.*, 155 So. 231, 179 La. 803 (1934). This rule obtains because a reasonably prudent person is required to pursue his claim with diligence. Statutes of limitation were not designed to help those who negligently refrain from prosecuting inquiries plainly suggested by the facts. A plaintiff is chargeable with knowledge of facts which he ought to have discovered in the exercise of reasonable diligence. *Schram v. Burt*, 111 F.2d 557 (CCA Mich.1940). *Barry v. Detroit Terminal*, 11 N.W.2d 867, 307 Mich. 226 (1943); *Purdon v. Seligman*, 43 N.W. 1045, 78 Mich. 132 (1889).

*Id.*

■ Our study of the matter leads us to conclude that the district court in the instant case did not err in holding that the plaintiff, as administratrix of her deceased husband's estate, did not have a wrongful death action against these defendants, since her husband on the date of his death had no action against the defendants because the two-year statute of limitations

had run. We reject counsel's suggestion that the deceased did not really "know" that he suffered from asbestosis probably caused by the defendants until so advised by his personal physician when he was forced to retire on November 17, 1977, because of his deteriorating condition. The test under *Williams v. Borden* is not limited to what the injured party actually *knew* concerning his condition and the causation therefor, but what he, as a reasonably prudent person, under all the facts and circumstances of his particular case, "should know" concerning his condition and causation therefor. We agree with the district judge that, on the basis of the record before him, the statute commenced to run no later than September 21, 1975, the date of his treatment for an inflamed left elbow by Dr. Jay, on which occasion the patient reported a long history of lung trouble resulting from his work with asbestos.

Further, the correctness of the district court's holding is, in our view, reinforced by *Daugherty.* Using the above-quoted language from that case, the deceased in the instant case had "sufficient information, which, if pursued, would lead to the true condition of things" no later than September 21, 1975.

Plaintiff contends that the provision of the Oklahoma Constitution, Art. 23, § 7, that "[t]he right of action to recover damages for injuries resulting in death shall never be abrogated" prohibits application of the statute of limitations in this case such that her cause of action is barred. The Oklahoma Supreme Court has differentiated the application of a statute of limitations which limits the time within which a remedy may be sought from legislation which prohibits a cause of action or right from ever arising. *Loyal Order of Moose, Lodge 1785 v. Cavaness*, 563 P.2d 143, 146 (Okla.1977). The Oklahoma Supreme Court has stated that a settlement agreement limiting damages paid to the deceased prior to death is a constitutional limitation, even though settlement occurred prior to accrual of any wrongful death action. *F.W. Woolworth Co. v. Todd*, 204 Okl. 532, 231 P.2d 681 (1951). In light of these cases, we find this argument of plaintiff unpersuasive.

As stated at the outset, plaintiff's first cause of action was brought under the Oklahoma survivor's statute, 12 O.S. § 1051. Summary judgment was entered for the defendants on that cause of action, as well as on the second cause of action based on the wrongful death statute, 12 O.S. § 1053. On appeal, we fail to find much argument by the plaintiff concerning the judgment of the district court concerning the first cause of action. Perhaps that is so because if the deceased himself had no cause of action against the defendants on the date of his death, such would bar not only an action by his personal representative for wrongful death, but would also bar an action by the personal representative under the survivor's statute. That statute contemplates the deceased's having a cause of action, in this case for personal injuries, on the date of his death, which action "survives" under the statute. In the instant case there is "nothing to survive."

Judgment affirmed.