■ Margie Lawson, Plaintiff, v Harold Diamond et al., Defendants and Third-Party Plaintiffs-Appellants, et al., Defendant. City of New York et al., Third-Party Defendants-Respondents.—Appeal from the order of Supreme Court, Bronx County (Jack Turret, J.), entered November 3, 1990, which granted the motion of the municipal third-party defendants and their employees to the extent of (a) striking the medical malpractice claims set forth in the third-party complaint, and (b) precluding the third-party plaintiffs' participation in proceedings before a medical malpractice panel, although allowing them to appear at those proceedings, unanimously dismissed, without costs.

This is a personal injury action brought against plaintiff's landlord for negligent maintenance of the premises. Defendants impleaded the medical facility and its staff which treated plaintiff, as well as the municipal patron of that facility, alleging that plaintiff's injuries were due to, or at least exacerbated by, the negligent treatment she received there, and demanding at the very least some contribution from those third-party defendants to the extent of their responsibility. After plaintiff amended her complaint to assert her own direct claim against the municipal Health and Hospitals Corporation and discovery was completed, the matter was set down for hearing before a medical malpractice panel.

The purpose of the medical malpractice panel is to narrow the issues in order to encourage settlement or facilitate a more expeditious trial (see, Matter of Colton v Riccobono, 67 NY2d 571, 577). That purpose is defeated if parties are permitted to appeal orders concerning the panel's authority and jurisdiction (Conklin v Montefiore Hosp. & Med. Center, 74 AD2d 792). Since there is no guarantee as to how a medical malpractice panel's recommendation may ultimately be accepted at trial, appeals of all rulings in connection with the panel's authority and jurisdiction should be stayed pending completion of trial.

Even if we were to entertain this appeal, we would affirm, since the only real interest of the third-party plaintiffs is in seeking contribution in connection with the personal injury claim against them; their primary interest has nothing to do with plaintiff's medical malpractice claim, and there is little that they could offer before that panel. Concur—Murphy, P. J., Milonas, Rosenberger and Kassal, JJ.