■ BRUCKNER PLAZA ASSOCIATES, Respondent, v GENERALI INSURANCE COMPANY OF TRIESTE AND VENICE, UNITED STATES BRANCH, Appellant and Third-Party Plaintiff-Appellant. AFFILIATED FM INSURANCE COMPANY, Third-Party Defendant-Respondent.—Order, Supreme Court, Bronx County (Anita Florio, J.), entered May 25, 1990, which, *inter alia,* granted plaintiff's motion for summary judgment, and appointed an umpire to determine damages, unanimously affirmed, with costs. The appeal from the order of the same court, entered November 27, 1990, which denied defendant's motion for reargument, is dismissed as nonappealable, with costs.

Defendant, a foreign insurance company, through a broker, offered insurance, including fire loss coverage for a shopping center owned by plaintiff. The broker who was authorized by defendant to bind the insurance in favor of plaintiff, delivered a binder to plaintiff and collected a premium of $33,000 on September 30, 1987. The binder provided $1,000,000 of primary insurance in favor of plaintiff and its mortgagee-lender Chase Manhattan Bank, N.A. Eight days later, defendant issued and delivered its policy to plaintiff.

On June 21, 1988, a fire occurred in the shopping center, and defendant was immediately notified of the loss. After plaintiff repaired the damage, it submitted its loss statement

to defendant. Defendant, however, asserted that the policy had been cancelled since it had never received payment from its broker. In any event, defendant sent appraisers to determine the loss. When defendant refused to pay, plaintiff instituted this action.

After the fire, plaintiff sought insurance from another insurer, Affiliated FM Insurance Company ("Affiliated"). Affiliated issued a policy to plaintiff several weeks later. The policy is an excess insurance policy and only offers coverage beyond all other coverage.

Plaintiff moved for summary judgment on the ground that defendant's policy had not been validly cancelled, and sought the appointment of an umpire to calculate damages pursuant to the alternate dispute resolution provision in the policy. Defendant opposed the motion, and claimed that the existence of the insurance with Affiliated created an inference that plaintiff was aware of defendant's cancellation of its policy. Defendant sought further discovery, and instituted a third-party action against Affiliated.

The IAS court granted plaintiff's motion, appointed an umpire and denied defendant's cross-motion. Defendant moved for renewal and/or reargument, which the court denied.

Summary judgment was appropriately granted in favor of plaintiff. No triable issues of material fact were raised to warrant a denial of such relief. Indeed, the record clearly demonstrates that plaintiff paid defendant's broker in return for an insurance policy (which necessarily covered the instant fire loss). While the broker may not have remitted payment to defendant, that does not defeat coverage. (Insurance Law § 2121.) Moreover, while defendant may have timely notified the broker of the cancellation of plaintiff's policy, there is no evidence that plaintiff or its named mortgagee was ever timely notified. Under these circumstances, it is the insurer who must bear the loss. (*Bohlinger v Zanger,* 306 NY 228, *rearg denied* 306 NY 851).

Defendant also urges that the IAS court improperly appointed an umpire to determine the damages instead of permitting a jury to do so. However, there is no question that the IAS court merely abided by the contract agreement between plaintiff and defendant which provided for this form of dispute resolution under the circumstances. Moreover, courts now look favorably on alternative dispute resolution procedures such as the instant one. (Insurance Law § 3408; *Matter of Colton v Riccobono,* 67 NY2d 571.)

We have considered the remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Kupferman, Asch and Kassal, JJ.