**Ronna RILEY, personal representative of Ira Bob Harry Riley, Deceased, Plaintiff,**

v.

**BROWN AND ROOT, INC., a corporation; the Rust Engineering Company, a corporation, Stebbins Engineering and Manufacturing Company, a corporation; and Weyerhaeuser Company, a corporation, Defendants.**

No. 76686.

Supreme Court of Oklahoma.

July 14, 1992.

As Corrected Aug. 24, 1992.

Ed Abel, Lynn B. Mares, Abel, Musser, Sokolosky & Associates, Oklahoma City, for plaintiff.

Page Dobson, Terry A. Hall, Holloway, Dobson, Hudson & Bachman, Oklahoma City, for defendant Rust Intern.

Hugh A. Baysinger, Kathleen J. Adler, Pierce, Couch, Hendrickson, Johnston, & Baysinger, Oklahoma City, for amici curiae.

SUMMERS, Justice.

The Honorable Lee R. West certifies for our decision[1] a question of law presently pending before him in the U.S. District Court for the Western District of Oklahoma:

Is 12 O.S.1981 § 109 constitutional in wrongful death actions in light of Article 23, § 7 of the Oklahoma Constitution?

We have recently upheld the so-called architects' and builders' statute against a variety of other state constitutional challenges. Our answer to the certified question is that the statute must again be upheld as constitutional.

Ronna Riley as personal representative of Ira Bob Harry Riley, deceased, brought a manufacturer's products liability suit against Rust Engineering Company.[2] She alleged that the deceased was killed due to a defectively designed "base machine chest" located in Weyerhaeuser's Mill. The deceased died when he entered the chest to clean it. Judge West determined that the chest was an improvement to real property within the definition contemplated by 12 O.S.1981 § 109.[3]

Section 109 reads:

No action in tort to recover damages
(i) for any deficiency in the design, planning, supervision or observation of construction or construction of an improvement to real property,
(ii) for injury to property, real or personal, arising out of any such deficiency, or
(iii) for injury to the person or for wrongful death arising out of any such deficiency,
shall be brought against any person owning, leasing or in possession of such an improvement or performing or furnishing the design, planning, supervision or observation of construction or construc-

tion of such an improvement more than ten (10) years after substantial completion of such an improvement.

Because the death occurred more than ten years after construction of the chest was completed the manufacturer sought summary judgment based on the architects' and builders' statute.

Riley asserts that by barring her suit for wrongful death, Section 109 violates the provision in the Oklahoma Constitution against abrogation of the right of action for wrongful death. Rust, in response, argues that as long as the basic *statutory* provision for wrongful death is preserved, the legislature may modify the right to recover in tort, so long as the common law barrier of death is not reimposed to bar the personal representative's action for wrongful death. Because the widow's right of action is *derivative*, and the *decedent's* cause of action in this case would have been barred by Section 109, Rust urges that the Constitution is not offended by the surviving widow's inability to recover.

The statute in question is 12 O.S. 1981 § 109, a statute of repose rather than limitation. In *St. Paul Fire and Marine Ins. v. Getty Oil Co.*, 782 P.2d 915 (Okla.1989), we addressed the constitutionality of the statute under the "open access" clause (Art. 2, § 6), the "special legislation" clause (Art. 5, § 46), and the "exclusive privileges and immunities" clause (Art. 5, § 51), all of the Oklahoma Constitution. We found the statute to be constitutional against each of these challenges. However, because *St. Paul* did not involve a wrongful death claim, the one question left open was whether the statute offends Article 23, Section 7.

In *St. Paul* we pointed out that unlike a statute of limitation, a statute of repose marks the outer chronological boundary of

---

1. The Oklahoma Uniform Certification of Questions of Law appears at 20 O.S.1981 §§ 1601–1611.

2. Riley's suit included several other defendants, but these defendants are not parties to this proceeding.

3. This issue was argued before the federal district court and appealed to the Tenth Circuit

Court of Appeals. 896 F.2d 474. The appellate court remanded the issue for reconsideration in light of *Smith v. Westinghouse Electric Corp.*, 732 P.2d 466 (Okla.1987). On August 28, 1990, the federal district court redetermined that the base machine chest was an improvement to real property.

a substantive right. The Oklahoma version of the architects' and builders' statute of repose bars any tort action which arises more than ten years after the substantial completion of the improvement to real property. It can thus bar a cause of action before the injury which gives rise to the cause of action occurs. It is typical of statutes of this variety, and is similar to those which bar actions in some states based on products liability or medical malpractice. *See, e.g., Shibuya v. Architects Hawaii Limited,* 65 Haw. 26, 647 P.2d 276 (1982); *Terry v. New Mexico State Highway Comm'n,* 98 N.M. 119, 645 P.2d 1375 (1982); *Freezer Storage Inc. v. Armstrong Cork Co.,* 476 Pa. 270, 382 A.2d 715 (1978). The purpose behind the Oklahoma statute is to establish a balance between the rights of claimants and those of the architects and builders. *St. Paul,* 782 P.2d at 920.

Article 23, Section 7 of the Oklahoma Constitution reads:

*The right of action to recover damages for injuries resulting in death shall never be abrogated,* and the amount recoverable shall not be subject to any statutory limitation, provided however, that the Legislature may provide an amount of compensation under the Workmen's Compensation Law for death resulting from injuries suffered in employment covered by such law, in which case the compensation so provided shall be exclusive. (Emphasis Added)

This section was originally taken nearly verbatim from the New York Constitution, now Article 1, Section 16. *See* Williams, *The Constitution and Enabling Act* (2d 1941). It was amended in 1950 to add the proviso allowing for some wrongful death actions to be governed by the Workers' Compensation Act.

In *Roberts v. Merrill,* 386 P.2d 780, 782 (Okla.1963), the meaning and effect of Article 23, Section 7 was discussed at length. Section 7 had the effect "of freezing into

our law the right of action for wrongful death as it existed when our Constitution was adopted." *Osmond v. Moody Construction Co.,* 409 P.2d 9 (Okla.1965). The provision was intended to "crystallize and embody in the fundamental law of the state—'the law of the land'—the entire *statutory* right of action with its incidents." (emphasis added) *Roberts v. Merrill* at 783, quoting *Rosin v. Lidgerwood Manufacturing Co.,* 89 A.D. 245, 86 N.Y.S. 49, 55 (N.Y.1904). See also *F.W. Woolworth v. Todd,* 204 Okl. 532, 231 P.2d 681, 684 (1951).

At the time of the Constitution's adoption, Section 4313 Oklahoma Statutes of 1893, was the only statute allowing for an action for wrongful death. *Capitol Steel and Iron Co. v. Fuller,* 206 Okl. 638, 245 P.2d 1134, 1137 (1952). With only slight modifications Section 4313 became the current 12 O.S.1981 § 1053. Title 12 O.S.1981 § 1053 provides in relevant part:

A. When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, or his personal representative if he is also deceased, *if the former might have maintained an action, had he lived,* against the latter, or his representative, for an injury for the same act or omission. The action must be commenced within two years. (emphasis added)

At early common law and before Lord Campbell's Act,[4] an action for personal injuries abated with the death of the injured person; *no action for wrongful death existed. Haws v. Luethje,* 503 P.2d 871, 873 (Okla.1972).[5] Now, a cause of action for wrongful death "accrues to the personal representative of the decedent solely by virtue of the statute." *Haws,* at 873. The action for wrongful death is not a separate and distinct tort, but is an action which

---

**4.** Lord Campbell's Act, (9 & 10 Vict.Ch.93). The Act for compensating the Families of Persons killed by Accidents [26th August 1846], also called The Fatal Accidents Act of 1846, in full text is set forth in 2 S. Speiser, *Recovery for Wrongful Death* 643–644 (2d ed. 1975).

**5.** For discussions of the general common law rule and its exceptions see *Broom's Legal Maxims,* 606–622 (R. Kersley 10th ed. 1939) and J. Indermant and C. Thwaites, *Principles of the Common Law,* 433–435 (12th ed. 1914).

derives from the rights of the decedent. *Id.* Whatever rights the decedent might have had in his life accrue to the personal representative at death, thus overcoming the common law barrier of death.

It is this right—the right of action provided by Section 1053—that the Oklahoma Constitution protects. The constitutional provision does not create a right of action; rather it buttresses the statute which does so. In other words, the constitutional provision protects the right of action for wrongful death as provided by the legislature in Section 1053.

Article 23, Section 7 is meant to guarantee the individuals protected under Section 1053 the right to bring an action for wrongful death. *See Roberts,* 386 P.2d at 783. Our Section 1053, a form of the widely adopted Lord Campbell's Act, does away with the common law idea that an action died when the person who had suffered the injury died. Instead, the wrongful death statute leaves intact the rights of the deceased to now be asserted by a personal representative. Death is no longer a barrier to the assertion of these rights. Article 23, Section 7 says the legislature can never again reimpose the death of the injured person as an obstacle to an action by his survivors.

■ But Section 1053 provides now, as it has always provided, for an action of wrongful death *only if the decedent might have maintained an action if he or she had lived. The rights of the survivors are derivative. Haws,* 503 P.2d at 874. The survivors have no more and no less rights than did the decedent. "... [A]ny right of action thus granted by the statute is predicated solely upon the right of action which was personal to the deceased had he lived." *Hill v. Graham,* 424 P.2d 35, 37–38 (Okla. 1967).

■ In *Haws,* this condition was reviewed in the context of the decedent's execution of a release before his death. The decedent was injured in an automobile accident and executed a release of all his claims for damages and filed a dismissal with prejudice. Then he died as a result of his injuries, and his wife brought a wrong-

ful death action under Section 1053. This Court held that the decedent surrendered whatever remedy that might have survived by his acceptance of the settlement. *Id.* at 874. The relinquishment of his rights barred any further suit arising out of the accident:

> One condition upon which statutory liability depends is that the deceased had a right of recovery for the injury at the time of his death. *There is no right in the personal representative to maintain an action unless the decedent had the right to sue at the time of his death.* (Emphasis added) *Id.* at 874, 875.

Hence, an injured party's actions between the date of injury and date of death, such as a release or an untimely delay, will bar the wrongful death action. See Note, *Torts: Wrongful Death: Condition Precedent That the Decedent had a Right to Recovery on the Date of Death,* 26 Okla. L.Rev. 308, 309 (1973).

In *Huff v. Fibreboard Corporation,* 836 F.2d 473 (10th Cir.1987), the decedent had asbestosis and retired because of the disease. More than two years later he died. The surviving wife brought a wrongful death action. The defendants asserted that the action was barred because the decedent could not have brought the claim if he had lived; his claim would have been barred by limitations. The court stated that Section 1053 was quite clear in stating that "if the deceased on the date of his death had no cause of action against the tort-feasor for the injuries which cause his death, then his personal representative has no wrongful death action against that same tort-feasor." *Id.* at 476. The surviving wife urged that such an interpretation violated Article 23, Section 7 of the Oklahoma Constitution. The 10th Circuit Court disagreed, reasoning that the statute of limitation serves to bar any action which might have been brought by the decedent. Because Section 7 protected only those rights provided by statute, and the decedent himself was statutorily time-barred from bringing a successful suit, the widow was likewise barred.

Two other cases which shed some light on the condition precedent in Section 1053 are *Hale v. Hale,* 426 P.2d 681 (Okla.1967) and *Hill v. Graham, supra.* In *Hale,* a mother sought to recover damages for her child's death which was caused by the father. This Court held that there was no cause of action available to the mother because of the condition precedent in Section 1053. Had the child lived, the child would not have had a cause of action against the father. That was because of the general legal principle that a minor child cannot recover damages from a parent if the injuries are suffered as a result of the ordinary negligence of the parent. Similarly, in *Hill* the surviving wife sought to recover damages for her husband's death which was caused by the unemancipated child. Again, the deceased father would not have had a common law cause of action against the child had he lived, and we refused to allow the surviving wife to recover, Article 23, Section 7 notwithstanding.

An example of how Article 23, Section 7 may be correctly used to strike down legislative abrogation of wrongful death rights is found in our *Roberts v. Merrill, supra.* The death benefits provided under Workman's Compensation laws adopted in 1951 were available *only*

"If the injury causes death within 2 years from the date of the accident, or if the injury causes continuous disability and causes death with 5 years from the date of the accident. 85 O.S.1961 § 22(7).

The injured worker died more than five years after the injury causing his death, and benefits were accordingly denied below. We struck down the statute and said:

"Any right of recovery for death, whether it be by an action at law for wrongful death or by a claim for death benefits under the Workmen's Compensation Act, exists by reason of the provisions of 12 O.S.1961 § 1053. In *all* instances where an injured person may pursue a claim to recover compensation for an accidental injury, the person authorized by 12 O.S. 1961, § 1054, may, if death is asserted to result from the injury, pursue a remedy to recover death benefits. *Quigley v. State Industrial Commission,* Okl., 298 P.2d 415, 418. *Roberts v. Merrill,* 386 P.2d at 783, 784.

The Court noted that decedent, had he lived, could have maintained (and did in fact maintain) a proceeding to recover for his accidental injury. Hence the statutory beneficiaries had a constitutionally protected right to recover for his death suffered in employment covered by the Workman's Compensation Act. *Id.* at 785, citing Art. 23, Section 7 of the Oklahoma Constitution.

■ Unlike the statute invalidated in *Roberts,* Section 109 does not distinguish between injury and wrongful death. Actions for both are barred after a given period of time. Here, the decedent would not have had a cause of action against the manufacturer for injury if he had lived, because more than ten years had elapsed. Section 109 does not reimpose death as a barrier to an action; instead it allows actions for wrongful deaths which occur within ten years of completion of the improvement. It treats his widow's death claim exactly as it would have treated his own claim had he only been injured.

This interpretation draws from and is consistent with our prior rulings. Furthermore, as we stated in *Hughes Drilling Co. v. Crawford,* 697 P.2d 525, 529–30 (Okla.1985),

Our interpretation allows the legislature to safely expand and contract the compensatory aspects of the death action as societal values and needs may change, but preserves that basic action which the constitution considers inviolate.

We find 12 O.S.1981 § 109 to be constitutional as evaluated in light of Article 23, Section 7 of Oklahoma Constitution.

CERTIFIED QUESTION ANSWERED.

OPALA, C.J., HODGES, V.C.J., and LAVENDER, SIMMS and HARGRAVE, JJ., concur.

KAUGER, J., concurs in part, dissents in part.

ALMA WILSON, J., dissents.

KAUGER, Justice, concurring in part and dissenting in part:

I agree that pursuant to 12 O.S.1991 § 1053,[1] an action for wrongful death may be maintained by the decedent's representative[2] only if the deceased could have maintained an action if he/she had lived.[3] I dissent from the majority's finding that 12 O.S.1991 § 109[4] is constitutional under the Okla. Const. art. 23, § 7's command[5] that "(t)he right of action to recover damages for injuries resulting in death shall never be abrogated ..." (Emphasis supplied.).[6] Unless, like Alice,[7] we have tumbled into Wonderland, law and common sense tell us that we cannot sustain a statute requiring victims to sue before they are injured. As the Kentucky Supreme Court recognized in *Perkins v. Northeastern Log Homes*, 808 S.W.2d 809, 817 (Ky.1991), upholding § 109 is like issuing a one-way ticket to "Topsy–Turvy Land:"

> " 'Topsy–Turvy Land', a place described by Judge Jerome Frank in *Dincher v. Marlin Firearms Co.*, 198 F.2d 821, 823 (2nd Cir.1952), where you 'die before you are conceived, are divorced before you marry, harvest a crop never planted, burn down a house never built, or miss a train running on a non-existent railroad.' "[8]

Because the right to sue for damages for wrongful death is constitutionally guaranteed, we may not send plaintiffs on such a curious journey.

As the majority notes, art. 23, § 7[9] was adopted from the New York Constitution.[10]

1. Title 12 O.S.1991 § 1053 provides in pertinent part:

   "A. When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, or his personal representative if he is also deceased, if the former might have maintained an action had he lived, against the later, or his representative, for an injury for the same act or omission. The action must be commenced within two (2) years...."

2. Title 12 O.S.1991 § 1054 lists those who may maintain an action for wrongful death. It provides:

   "In all cases where the residence of the party whose death has been caused as set forth in the preceding section of this article is at the time of his death in any other state or territory, or when, being a resident of this state, no personal representative is or has been appointed, the action provided in the said section may be brought by the widow, or where there is no widow, by the next of kin of such deceased."

3. *Evans v. Olson*, 550 P.2d 924, 927 (Okla.1976); *Haws v. Leuthje*, 503 P.2d 871, 874 (Okla.1972); *Hill v. Graham*, 424 P.2d 35, 37–38 (Okla.1967); Title 12 O.S.1991 § 1053, see note 1, supra.

4. Title 12 O.S.1991 § 109 provides:

   "No action in tort to recover damages
   (i) for any deficiency in the design, planning, supervision or observation of construction or construction of an improvement to real property,
   (ii) for injury to property, real or personal, arising out of any such deficiency, or
   (iii) for injury to the person or for wrongful death arising out of any such deficiency, shall be brought against any person owning, leasing, or in possession of such an improvement or performing or furnishing the design, planning, supervision or observation of construction or construction of such an improvement more than ten (10) years after substantial completion of such an improvement." Although the majority opinion refers to the 1981 statute, the statute remains unchanged since 1978 and now appears in the 1991 codification. Therefore, references are to the 1991 statute.

5. *Fuller v. Odom*, 741 P.2d 449, 453 (Okla.1987).

6. The Okla. Const. art. 23, § 7 provides:
   "The right of action to recover damages for injuries resulting in death shall never be abrogated, and the amount recoverable shall not be subject to any statutory limitation, provided however, that the Legislature may provide an amount of compensation under the Workers' Compensation Law for death resulting from injuries suffered in employment covered by such law, in which case the compensation so provided shall be exclusive, and the Legislature may enact statutory limits on the amount recoverable in civil actions or claims against the state or any of its political subdivisions."

7. L. Carroll, *Alice In Wonderland* (Norton 1971).

8. See also, *Tabler v. Wallace*, 704 S.W.2d 179, 184 (Ky.1986). See also, F. McGovern, "Symposium Products Liability—The Variety, Policy & Constitutionality of Product Liability Statutes of Repose," 30 Am.U.L.Rev. 579, 617 (1981).

9. The Okla. Const. art. 23, § 7, see note 6, supra.

10. R. Williams, *The Constitution & Enabling Act*, p. 301 (Co–Operative Publishing Co., 2nd Ed., 1941).

Like art. 23, § 7, the N.Y. Const. art. 1, § 16 provides that the right of action for injuries resulting in death will never be abrogated.[11] Before art. 23, § 7 was adopted, the New York Supreme Court considered the meaning of the terms cause of action and right of action in *Graham v. Scripture*, 26 How.Pr. 501, 507 (N.Y.1864). The New York Court found that the terms were synonymous—both referring to a right of recovery. In *Colton v. Riccobono*, 67 N.Y.2d 571, 505 N.Y.S.2d 581, 584, 496 N.E.2d 670, 673 (1986), the New York Court of Appeals found that although the New York Constitution did not create a per se right of access to civil courts, it did prohibit the legislature from abrogating the cause of action for wrongful death. The New York Court held that unless the Legislature removed jurisdiction of wrongful death actions from the civil courts and provided an alternative remedy, that plaintiffs had a right of access to civil courts to plead and prove causes of action for wrongful death.

In *Roberts v. Merrill*, 386 P.2d 780, 785 (Okla.1963), this Court struck down as unconstitutional a workers' compensation statute providing that a beneficiary under the Workers' Compensation Act could not maintain an action that the worker could have brought had he/she lived. The majority attempts to distinguish *Roberts* on the basis that the worker would not have been barred in *Roberts* as he is here under § 109.[12] When the rationale of *Roberts* is considered under the facts presented, this is a distinction without a difference. We said in *Roberts* that the term "right of action" was far from synonymous with "cause of action" and that art. 23, § 7 created no cause of action for death. However, the Court went on to find that art. 23, § 7 prohibited the Legislature from erecting barriers to the effective prosecution of a wrongful death action. We found that the art. 23, § 7 continued to shield workers from all legislative action rendering prosecution of death claims ineffective. We stated:

" ... Under the proviso added to Art. 23, Sec. 7, we conclude the lawmaking body of this state remains, as before, without authority to ordain that beyond a given interval between injury and death there exists no right to pursue a remedy before some tribunal. The cause of death, regardless of the time when death occurs, presents an adjudicatory fact to be resolved from the evidence, and the Legislature continues to be without power of predetermining causation by means of a statutory fiat. ... " (Emphasis supplied.)

Here, the majority has sanctioned the Legislature's action in providing a period after which no cause of action may be brought rather than regulating the time period within which a suit may be maintained after death—it has given the Legislature the authority to predetermine that if death occurs after the ten year period set by § 109,[13] that no action may be maintained. This result contravenes the protection constitutionally guaranteed by art. 23, § 7.[14]

---

**11.** The N.Y. Const. art. 1, § 16 provides:
"The right of action now existing to recover damages for injuries resulting in death, shall never be abrogated; and the amount recoverable shall not be subject to any statutory limitation."

**12.** Title 12 O.S.1991 § 109, see note 4, supra.

**13.** Id.

**14.** The Okla. Const. art. 23, § 7, see note 6, supra. See also, *Perkins v. Northeastern Log Homes*, 808 S.W.2d 809, 817 (Ky.1991); *Berry v. Beech Aircraft Corp.*, 717 P.2d 670, 685 (1985); T. Olsen, "Oklahoma's Statute of Repose, Limiting the Liability of Architects & Engineers for Negligence: A Potential Nightmare," 22 Tulsa L.J. 85, 99 (1986).