**Thomas J. MORIN, an individual, and Lisbeth Morin, an individual, Appellants,**

v.

**CORAL SWIMMING POOL SUPPLY CO., an Oklahoma corporation, Appellee,**

**Timberlane Unit Ownership Association, Inc., an Oklahoma corporation, and Tulsa Pool Services, Inc., an Oklahoma corporation, Defendants.**

No. 76220.

Court of Appeals of Oklahoma, Division No. 3.

Dec. 21, 1993.

C. Clay Roberts and Richard D. Marrs, Roberts, Marrs & Carson, Tulsa, for appellants.

Ann E. Allison and M. Christine Romero, Thomas, Glass, Atkinson, Haskins, Nellis & Boudreaux, Tulsa, for appellee.

## OPINION

BAILEY, Judge:

Thomas J. Morin and Lisbeth Morin (Thomas, Lisbeth or collectively, the Morins) seek review of an order of the Trial Court denying the Morins' motions to open judgment and for new trial after summary judgment for Coral Swimming Pool Supply Co. (Coral or Defendant) in the Morins' action to recover damages for personal injury under negligence, products liability, and breach of warranty theories. Herein, the Morins assert (1) error of the Trial Court in holding the action barred by operation of 12 O.S. § 109, the ten-year statute of repose, that section violative of the equal protection clause of the Fourteenth Amendment to the United States Constitution, and Art. XXIII, § 7 of the Oklahoma Constitution, (2) error of the Trial Court in refusing to allow the Morins to conduct further discovery and to present additional evidence on the constitutional issues, and (3) material facts in controversy on the Morins' claims precluding summary judgment.

In June 1988, Thomas suffered severe injury when he dove into the swimming pool at his condominium/apartment complex. The Morins then commenced suit against Coral, the alleged manufacturer, seller and builder of the pool, under negligence, products liability, breach of warranty, and Consumer Product Safety Act[1] theories.

In July 1989, Coral moved for summary judgment, asserting the Morins' claims, all arising from Coral's acts in the design and construction of the swimming pool, stood barred by § 109, adducing evidence of completion of the pool in 1967. The Morins objected to summary judgment, asserting (1) an unresolved question of law as to whether the pool constituted an "improvement to real property" under § 109, (2) that § 109 stood preempted by the Consumer Product Safety Act, and (3) facts in controversy concerning Coral's alleged breach of express/implied warranties; thereby, the Morins also requested additional time for further discovery. By supplemental response filed on the eve of hearing on Coral's motion for summary judgment in December 1989, the Morins challenged the constitutionality of § 109 on equal protection grounds.

After hearing, the Trial Court granted summary judgment to Coral on all counts except the breach of warranty claim.[2] The Morins moved for new trial, seeking reconsideration of the order granting summary judgment, for the first time challenging § 109 as violative of the Oklahoma Constitution, Art. XXIII, § 7 prohibiting abrogation of "the right of action to recover damages for injuries resulting in death," and alleging that Thomas' injuries "would ultimately cause his death." The Morins shortly thereafter filed an "Application for Order Opening Judgment and Allowing Additional Testimony," thereby seeking to adduce additional evidence on their constitutional challenges. Coral objected and moved to dismiss, arguing all the Morins' claims had been previously and properly disposed of on summary judgment.

In August 1990, the Trial Court denied the Morins all requested post-judgment relief, and granted Coral's motion to dismiss, there-

---

1. 15 U.S.C. §§ 2051 et seq.

2. the Morins subsequently abandoned their warranty claim against Coral in favor of an identical claim asserted by amended petition against Defendant Tulsa Pool Services, Inc.

by disposing of all the Morins' claims against Coral. The Morins appeal.

■ We first note a substantial controversy arose prior to assignment of the case to this Court concerning whether the order appealed constitutes a final appealable order, there remaining pending claims against the other defendants. However, the record reflects the Morins' dismissal of their claims against Defendant Timberlane Unit Ownership Association, Inc., and the Trial Court entered summary judgment for Coral at a time when Oklahoma procedural jurisprudence allowed appeal from an order disposing of all claims against one of several defendants.[3] We therefore find the challenged order final and appealable, and proceed to the merits of the Morins' arguments.

In their first proposition, the Morins assert § 109 violates the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution, the § 109 protections not extending to "materialmen, manufacturers or other suppliers and sellers." The Morins also argue § 109 violates Art. XXIII, § 7 of the Oklahoma Constitution prohibiting abrogation of "the right of action to recover damages for injuries resulting in death," and assert Thomas died as a result of his injuries sustained.

■ However, we find § 109 free of vitiating constitutional infirmity. The Oklahoma Supreme Court has recently held § 109 not violative of Art. XXIII, § 7 as alleged.[4] Our Supreme Court has also rejected challenges to § 109 under other constitutional provisions employing the same analysis applicable to equal protection claims,[5] and any equal protection infirmities earlier noted in § 109 by the Supreme Court[6] have clearly been remedied by subsequent amendment.[7,8] We therefore reject the Morins' first proposition of error.

■ In their second proposition of error, the Morins assert material facts in controversy concerning the "role or roles played by Coral in relation to the pool." In their third proposition, the Morins assert abuse of discretion by the Trial Court in denying the Morins' application to allow additional testimony on the constitutional issues and further discovery as to Coral's "role or roles" in the manufacture, construction and/or installation of the pool.

However, we find no error as alleged. That is, Coral presented uncontroverted evidence demonstrating that Coral did not design the pool or prepare the plans/specifications thereof, merely constructing the pool, and the Morins presented no admissible evidence directly or inferentially establishing Coral's status as anything other than the builder of the pool within the class of entities "performing or furnishing the design, planning, supervision or observation of construc-

3. *Oklahomans for Life, Inc. v. State Fair of Oklahoma*, 634 P.2d 704, 706 (Okl.1981) ("A trial court's decision, which determines all of the issues in one entire cause of action among several stated in a lawsuit, constitutes a final appealable disposition").
   Cf., 12 O.S.Supp.1990 § 1006 (eff. January 1, 1991).

4. *Riley v. Brown and Root, Inc.*, 836 P.2d 1298 (Okl.1992).

5. *Cf.*, *St. Paul Fire & Marine Ins. Co. v. Getty Oil Co.*, 782 P.2d 915, 921–922 (Okl.1989) (rejecting challenges to § 109 under Oklahoma Constitution, Art. II, § 6, Art. V, § 46, and Art. V, § 51); *with*, *Texas Oklahoma Exp. v. Sorenson*, 652 P.2d 285, 289–290 (Okl.1982) ("In testing the validity of a state statute which differentiates in its treatment of one group of individuals compared with its treatment of another group as against the constitutional prohibition against taking property without due process of law, against denial of equal protection of the laws, and against the enactment of special as distinguished from general laws, a common test is applied, i.e., whether the classification which forms the basis for the differentiation is neither arbitrary nor capricious, and bears a reasonable relation to the object to be accomplished.")

6. *Loyal Order of Moose Lodge 1785 v. Cavaness*, 563 P.2d 143, 146 (Okl.1977).

7. *Cf.*, 12 O.S.Supp.1967 § 109, *with*, 12 O.S.1981 § 109.

8. Moreover, we question the Morins' "standing" to raise this issue, the Morins having suffered no "injury" by the alleged equal protection deficiency. *See, e.g., Dablemont v. State of Oklahoma, ex rel. Department of Public Safety*, 543 P.2d 563 (Okl.1975) (statute may not be attacked on constitutional grounds by one not injured thereby). That is to say, the Morins are not members of the class(es) which they allege have been denied equal protection guarantees.

tion or construction of such an improvement" against whom § 109 prohibits an action "more than ten (10) years after substantial completion of such an improvement." Moreover, Coral's motion for summary judgment stood pending for almost one year prior to hearing, affording the Morins more than adequate time to obtain discovery of facts placing Coral's alleged negligence at issue. We consequently find no abuse of discretion by the Trial Court in denying the Morins' leave to obtain such additional discovery, either on Coral's role in the construction of the pool, or on the pure questions of law surrounding the Morins' constitutional challenges.

The order of the Trial Court denying the Morins' motions to open judgment/for new trial after summary judgment for Coral is therefore AFFIRMED.

HUNTER, P.J., and GARRETT, J., concur.